STATE EX REL. MEISSNER, Respondent, vs. O'BRIEN, City Manager, Appellant.

*May 12—June 20, 1932.*

The cause was submitted for the appellant on the brief of *Roy S. Stephenson*, city attorney, and *Chester D. Richardson*, assistant city attorney, and for the respondent on that of *Frank S. Symmonds*, attorney, and *Val. W. Dittmann* of counsel, both of Kenosha.

FAIRCHILD, J. The first question which arises from a study of this case is, Can a writ of *certiorari* properly be issued on the showing made in the petition to the county court for this writ? There was no final determination by the board, or the city manager acting as such board, at the time of the filing of the petition. If the practice followed here were to obtain, the effect of it would be the use of the writ to review errors before judgment. Objection to delay which the confusion resulting from this would breed, or be capable of causing, underlies the development of the rule that the writ shall issue only after a final determination of the tribunal or board whose proceedings are to be reviewed. Notwithstanding that in the long history of this ancient writ many instances of its use as a writ of error before judgment may be pointed out, still in our jurisprudence the field of the writ has been considerably narrowed. Recent statutes and the construction placed upon them by the courts are to the effect that the writ of *certiorari* is issued to review the action taken by the board, and action here means the total result of the proceedings, including the determination of the board, as distinguished from every single act which

may be claimed to be in excess of a board's jurisdiction. Mr. Spelling in the second edition of his work on Injunctions and Other Extraordinary Remedies, at sec. 1894 says:

"The most important departure from the earlier principles governing *certiorari* relates to the stage of the proceedings in the lower court at which it should issue. It was a distinguishing feature of this remedy at common law that it was the appropriate writ for the removal of the cause before judgment, while the writ of error removed it afterwards. But it has now become the general and settled, if not the universal, practice to refuse the writ of *certiorari* where sought while the proceedings below are still pending and undetermined, and that it does not go to inferior courts, tribunals, or officers exercising judicial functions until the proceedings before them are completed and a final determination or adjudication had."

This court in *Chittenden v. State,* 41 Wis. 285, at p. 293, said:

"If the court was proceeding in the cause without jurisdiction, the appropriate writ to be applied for . . . .would seem to be the writ of prohibition, and not a common-law *certiorari*. It seems to us, if the writ is a proper process for correcting the alleged error of the circuit court in refusing to dismiss the proceeding, it might be resorted to at any stage of the cause to bring up for review any erroneous decision which that court might make. The great inconvenience which would result if such a practice is sanctioned is too obvious to need comment."

In Rawle's third revision of Bouvier, under the heading "Certiorari," we find the proposition stated that the writ is generally said to issue only after final judgment, and it is supported by citation of many cases. In this same article is the following quotation:

"The writ of *certiorari* is a writ of review. Its office is to bring up for review *final* determinations and adjudications of inferior tribunals, boards, or officers exercising

judicial functions, where there is no appeal, nor any plain, speedy, and adequate remedy. The writ is necessarily founded on a final determination. Were the rule otherwise a writ might issue at any step in the proceedings of the inferior tribunal, although such tribunal might, were the point presented, decide that it had no jurisdiction in the matter submitted to it. This would be the exercise of original jurisdiction by the court issuing the writ and not a review of the determination of the inferior tribunal. The matter complained of would be, not that the tribunal had exceeded, but that it was about to exceed, its jurisdiction."

The writ in this case was issued before the proceedings before the city manager had culminated in a trial and before a determination had been reached. The record before the appellant as it was at the time the writ was issued shows the existence of the ordinance, the resignation of the members of the board immediately after the passage of the ordinance, and that the city manager had acted as the Board of Fire and Police Commissioners since 1922. The complaint was made and the consideration of the charges entered upon by the city manager when the objection by the complainant to the jurisdiction was made. At this point in the proceedings there was no determination to the hurt of the complainant to warrant the invoking by him of the writ of *certiorari*. Ferris, Extraordinary Legal Remedies, § 162; 11 Corp. Jur. p. 126; *Chittenden v. State, supra; State ex rel. Milwaukee Medical College v. Chittenden,* 127 Wis. 468, 107 N. W. 500; *Culver v. Travis,* 108 Mich. 640, 66 N. W. 575; 5 Ruling Case Law, p. 264. The writ being prematurely and therefore, if for no other reason, improperly issued, the questions sought to be raised are not before the court.

*By the Court.*—Judgment reversed, and cause remanded with directions to quash the writ of *certiorari.*