STATE of Wisconsin EX REL. Brook GRZELAK,
Petitioner-Appellant-Petitioner,

v.

Daniel BERTRAND, Warden, Respondent-
Respondent.

Supreme Court

*No. 02–0678. Oral argument May 28, 2003.—
Decided July 9, 2003.*

2003 WI 102

(Also reported in 665 N.W.2d 244.)

For the petitioner-appellant-petitioner there were briefs by *Jennifer S. Mirus, Amy S. Dixon,* and *Boardman, Suhr, Curry & Field LLP,* Madison, and oral argument by *Jennifer S. Mirus.*

For the respondent-respondent the cause was argued by *John J. Glinski,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. JON P. WILCOX, J. This case is before the court on a petition for review filed by petitioner-appellant Brook Grzelak. Grzelak seeks review of an unpublished opinion of the court of appeals, *State ex rel. Grzelak v. Bertrand,* No. 02–0678, unpublished order (Wis. Ct. App. Aug. 27, 2002), summarily affirming a judgment by the Brown County Circuit Court, Mark A. Warpinski, Judge, which denied certiorari relief from

penalties imposed pursuant to prison conduct reports filed against petitioner. The issue is whether Grzelak's naming of Warden Bertrand in his petition for certiorari review of disciplinary conduct reports was sufficient to establish jurisdiction for the circuit court to reach the merits of the petition. For the reasons stated below, we find that under the facts and circumstances of this case and the applicable law, at the time Grzelak filed his petition, Grzelak's naming of Warden Bertrand was sufficient. We therefore reverse the decision of the court of appeals.

## I. BACKGROUND

¶ 2. The facts of this dispute are relatively straightforward and undisputed. While Grzelak was an inmate at Green Bay Correctional Institute, he was disciplined pursuant to five conduct reports filed between January 28, 2000 and March 6, 2000. On June 30, 2000, Grzelak, acting pro se, filed a petition with the Brown County Circuit Court, seeking a writ of certiorari to obtain relief from the prison discipline.

¶ 3. On November 2, 2000, the circuit court refused to issue a writ of certiorari for two of the five reports. The circuit court found that Grzelak had failed to exhaust his administrative remedies with respect to one of the reports and had thus abandoned any challenge to it. The court also found that Grzelak's substantive challenge to another report had no merit. The circuit court then issued a writ of certiorari for the remaining three reports. The subject of this appeal is Grzelak's petition pertaining to these three remaining reports. With respect to these three reports, Grzelak alleged procedural errors, including lack of notice, inability to compel attendance of witnesses, and untimely or inadequate service of complaints. There is no

681

dispute as to whether Grzelak exhausted his administrative remedies within the Inmate Complaint Review System (ICRS) in relation to these three reports.[1]

¶ 4. On February 28, 2002, the circuit court dismissed the writ of certiorari, concluding that it did not have proper jurisdiction because Grzelak named Warden Daniel Bertrand (the warden) as the respondent, rather than the Secretary of the Department of Corrections (the secretary). The circuit court reasoned that because each of the reports culminated in the secretary determining that the discipline should stand and because on certiorari a petitioner is entitled to a review of a final agency determination, what Grzelak was seeking was a review of the secretary's decision. Relying on *State ex rel. Kulike v. Town Clerk,* 132 Wis. 103, 105, 111 N.W. 1129 (1907), the court concluded that it lacked jurisdiction because Grzelak's writ was misdirected, as the secretary should have been named as the respondent instead of the warden.

¶ 5. Grzelak then appealed the denial of certiorari relief to the court of appeals. The court of appeals summarily affirmed the circuit court's judgment relating to all five reports. Grzelak has not further appealed the court of appeals' determinations that the substantive challenge to one report lacked merit and that he had failed to exhaust his administrative remedies with respect to the other. The court of appeals agreed with the circuit court that Grzelak's failure to name the secretary as the respondent in his petition deprived the court of jurisdiction, as it pertained to the three reports

---

[1] In its order of February 28, 2002, the circuit court noted that Grzelak "doggedly and exhaustively pursued his right of review." The administrative review of these reports concluded when the secretary decided that the reports were valid and that the discipline should stand.

at issue here. Relying on *State ex rel. Smith v. Mc-Caughtry,* 222 Wis. 2d 68, 74, 586 N.W.2d 63 (Ct. App. 1998), *abrogated in part by State ex re. Hensley v. Endicott,* 2001 WI 105, 245 Wis. 2d 607, 629 N.W.2d 686, the court concluded that the secretary is the final administrative authority on procedural matters, not the warden. Further, the court of appeals found that based on *Kulike,* because Grzelak had misdirected his petition to the warden, the court was without jurisdiction to decide the petition's merits. Grzelak then appealed the jurisdictional issue relating to the three reports and we granted the petition for review on December 3, 2002.

## II. ISSUE

¶ 6. The issue presented to this court is whether a court has jurisdiction to hear a petition for a writ of certiorari seeking review of procedural issues relating to prison discipline when the petitioner mistakenly names the warden of the correctional institution as the respondent in the petition instead of the Secretary of the Department of Corrections. We reverse the decision of the court of appeals for the following reasons. First, we find the statutes and case law regarding the proper party to serve at the time Grzelak filed his petition to be ambiguous. Second, we find that Grzelak's naming of the warden was reasonable under the facts and circumstances of this case, such that the circuit court had jurisdiction to hear the merits of his petition.

## III. STANDARD OF REVIEW

¶ 7. We are asked to review the court of appeals' determination that Grzelak's naming of the warden in his petition was insufficient to confer jurisdiction upon

the circuit court. When a party alleges a writ of certiorari is misdirected, it is challenging the sufficiency of the petition. *See State ex rel. Christie v. Husz,* 217 Wis. 2d 593, 598, 579 N.W.2d 243 (Ct. App. 1998). The legal sufficiency of the petition is a question of law, which this court reviews de novo. *See Gritzner v. Michael R.,* 2000 WI 68, ¶ 17, 235 Wis. 2d 781, 611 N.W.2d 906.

### IV. ANALYIS

¶ 8. In order to determine the proper party to be named as respondent in this petition for writ of certiorari, it will be helpful to review the administrative code provisions, statutes, and case law that Grzelak was required to follow to appeal the disciplinary action taken pursuant to the conduct reports. Prisoner conduct reports are created pursuant to Wis. Admin. Code § DOC 303.66 (June 1994). The security director at the institution then reviews the conduct reports. Wis. Admin. Code § DOC 303.67 (June 1994). An inmate may then seek a due process hearing for major violations pursuant to Wis. Admin. Code § DOC 303.76 (June 1994) in front of the adjustment committee. This decision may then be appealed to the superintendent (warden) of the institution. Wis. Admin. Code § DOC 303.76(7). For minor violations, an inmate may seek a less formal hearing, in front of a hearing officer, whose decision may also be appealed to the warden. Wis. Admin. Code § DOC 303.75 (June 1994).

¶ 9. At the time petitioner Grzelak filed his petition, in June of 2000, Wis. Admin. Code § DOC 303.76(7)(d) (June 1994) provided that "[t]he superintendent's decision is final." As of December 2000, this section was changed to read as follows: "The warden's decision is final regarding the sufficiency of the evidence. An inmate may appeal

procedural errors as provided under s. DOC 310.08(3)." Wis. Admin. Code § DOC 303.76(7)(d) (May 2003). This reference to Wis. Admin. Code § DOC ch. 310 (Apr. 1998) did not exist at the time Grzelak filed his petition. Section DOC 303.76(7)(d) (June 1994) was changed to reflect the court of appeals' ruling in *Smith,* which explained that the decision of a warden with respect to procedural matters is not final and must be reviewed through the ICRS process. *Smith,* 222 Wis.2d at 74–75.

¶ 10. Wisconsin Admin. Code § DOC ch. 310 (Apr. 1998), entitled "Complaint Procedures," establishes the ICRS and the procedures governing its operation. Section DOC 310.08(3) provides that "[a]fter exhausting the appeal in s. DOC . . . 303.76, an inmate may use the ICRS to challenge the procedure used by the adjustment committee or hearing officer, by a program review committee, or by any decisionmaker acting on a request for authorized leave." The multi-step ICRS process is outlined in Wis. Admin. Code § DOC 310.06. The process begins with the filing of a complaint by the inmate under Wis. Admin. Code § DOC 310.09. Next, Wis. Admin. Code § DOC 310.11 describes the options the institution complaint examiner (ICE) has for dealing with the complaint. The ICE's decision is then reviewed by the "appropriate reviewing authority" under Wis. Admin. Code § DOC 310.12. A dissatisfied inmate may then appeal the decision of the appropriate reviewing authority to the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.13. The final step in the process is a review of the CCE's decision by the Secretary of the Department of Corrections under Wis. Admin. Code § DOC 310.14. These internal agency procedures for appealing prison disciplinary actions are not at issue in this case. The issue in this case is the

proper procedure for getting into court *after* the administrative process has been exhausted.[2]

¶ 11. Notably, unlike every other step in the review process, there are no code provisions that outline the procedures an inmate must follow to seek certiorari review of the secretary's decision (for procedural issues) or the warden's decision (for substantive issues). Only two statutory provisions provide any guidance to an inmate as to how the certiorari process operates. Wisconsin's Prisoner Litigation Reform Act, Wis. Stat. § 801.02(7)(b) (1999–2000)[3] instructs an inmate that he must exhaust his administrative remedies before petitioning for a writ of certiorari; further, § 893.735(2) provides that a prisoner must commence an action seeking a remedy available by certiorari within 45 days after the cause of action accrues.

¶ 12. Because there is no administrative or statutory direction as to whom to name in a certiorari petition, an inmate must refer to Wisconsin common law. Wisconsin case law provides that certiorari is available only for the purpose of reviewing a final determination. *State ex rel. Czapiewski v. Milwaukee City Serv. Comm'n,* 54 Wis. 2d 535, 539, 196 N.W.2d 742 (1972) (citing *State ex rel. McKenzie v. Brown,* 174 Wis. 498, 182 N.W. 602 (1921); *State ex rel. Meissner v. O'Brien,* 208 Wis. 502, 243 N.W. 314 (1932); *State ex rel. St. Mary's Hosp. v. Indus. Comm'n,* 250 Wis. 516, 27 N.W.2d 478 (1947)). Thus, to perfect jurisdiction, "the

---

[2] *See L'Minggio v. Gamble,* 2003 WI 82, ¶ 14, 263 Wis. 2d 55, 667 N.W.2d 1 (Wilcox, J., dissenting) (arguing that the exhaustion of remedies process within the DOC is specific and clear).

[3] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

writ of *certiorari* . . . must go to the board or body whose acts are sought to be reviewed . . . ." *Kulike,* 132 Wis. at 105.

¶ 13. As noted earlier, Wis. Admin Code § DOC 303.76(7)(d) (June 1994), as it existed when Grzelak filed his certiorari petition, provided that with respect to appealed conduct reports "[t]he superintendent's decision is final." The 1998 *Smith* decision explained that the warden's decision was not final as to matters that could be further appealed through the ICRS, i.e., procedural matters. 222 Wis. 2d at 74–76. However, there is no case that provides a precise explanation of whom to name as respondent in a certiorari petition when challenging either procedural or substantive issues.

¶ 14. To find an answer, we must refer back to the relevant administrative code provisions. Under the ICRS procedures listed in Wis. Admin. Code § DOC ch. 310 (Apr. 1998), review by the secretary is the last step in the appeals process, although markedly absent is any provision in § DOC ch. 310 explicitly stating that the secretary's decision is "final," or that the secretary is the proper party to serve in a certiorari petition seeking review of procedural issues. Thus, because review by the secretary is the last step in the ICRS process and certiorari review is only available for final decisions, the secretary's decision is, in fact, final. Therefore, the

secretary is implicitly the proper respondent in a petition for certiorari review of procedural errors relating to conduct reports.[4]

¶ 15. Having determined that the secretary was the proper party to be named as respondent in Grzelak's certiorari petition as it related to procedural issues, we must now determine whether his failure to name the secretary defeats jurisdiction. In *Kulike,* 132 Wis. 103, the petitioner, seeking review of an action of the town supervisors of Lebanon, directed a writ of certiorari to the town clerk instead of the supervisors because the clerk had legal custody and control of the records. The court ruled:

> Except where specially provided by statute or in particular cases of necessity, as where the board or body whose acts are sought to be reviewed is not continuing or has ceased to exist, the writ of *certiorari* cannot properly run to a mere ministerial officer simply because he is the custodian of the records, but must go to the board or body whose acts are sought to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject matter or of the persons composing such board or body.

*Id.* at 105. The court concluded that the writ must be "directed to the person who, in legal contemplation, has the custody of the record . . . [,]" not a mere subordinate officer, who, although having actual possession of the record, is merely the agent of the decision-making body. *Id.* at 105–106.

¶ 16. The warden urges us to apply *Kulike,* noting that none of the exceptions to the rule in *Kulike* apply,

---

[4] However, Grzelak was still required to name the warden because the warden's decision is final regarding substantive issues and Grzelak was initially raising both procedural and substantive issues.

and pursuant to *Smith,* Wis. Admin. Code § DOC 303.76(7)(d) (June 1994), and Wis. Admin. Code § DOC 310.08(3) (Apr. 1998), the warden is a mere ministerial officer, subordinate to the secretary, who is the final decision maker regarding procedural challenges to prison disciplinary matters. (Resp't Br. at 6–8).

¶ 17. Grzelak first argues that *Kulike* is not applicable to this case. Noting that a prisoner must often follow a "serpentine . . . labyrinth of administrative rules, statutes and case law to appeal a finding of guilt for violating a prison rule[,]" (Pet'r Br. at 6), Grzelak refers us to our policy of liberally judging the sufficiency of pleadings by pro se inmates to reach the merits of their case, citing *State ex rel. McMillian v. Dickey,* 132 Wis. 2d 266, 279, 392 N.W.2d 453 (Ct. App. 1986). Grzelak avers that because the liberal pleading standards did not apply in *Kulike,* that case should not apply here. (Pet'r Br. at 8.) He further suggested at oral argument that we adopt a specific rule whereby *Kulike* would not apply to petitions from pro se inmates—who do not have the resources of private litigants—such that service on either the warden or secretary would be deemed sufficient to perfect jurisdiction in a petition for certiorari. While we are sympathetic to the plight of pro se litigants and note that there is some merit to the characterization of Grzelak's appellate process as a "serpentine labyrinth" in this case, we decline to carve out a special exception to the rule in *Kulike* for pro se inmates.

¶ 18. Next, Grzelak argues that *Kulike* is distinguishable because the warden is not a mere ministerial subordinate to the proper respondent because, unlike the town clerk in *Kulike,* the warden played an integral role in reviewing the conduct reports and is the final authority with respect to non-procedural matters. (Pet'r

689

Br. at 8.) The warden counters that were we to accept this argument, an inmate would be able to name *any* entity that played a role in the process of reviewing conduct reports, without naming either the secretary or the warden in a certiorari petition. (Resp't Br. at 5.) However, we need not rule in favor of Grzelak on this basis, as we find his third argument persuasive.

¶ 19. Grzelak's third argument with respect to *Kulike* is that it does not apply to this case because a further applicable exception to its rule exists in our case law. Grzelak directs us to a series of cases holding that when a combination of statutes, administrative rules, and case law are ambiguous as to proper certiorari procedure, the petitioner should have his complaint heard on the merits if the law can reasonably be construed to support the petitioner's interpretation (Pet'r Br. at 9–12, 14) (citing *Weber v. Dodge County Planning and Dev. Dep't,* 231 Wis. 2d 222, 604 N.W.2d 297 (Ct. App. 1999); *DOT v. Peterson,* 218 Wis. 2d 473, 581 N.W.2d 539 (Ct. App. 1998), *aff'd by DOT v. Peterson,* 226 Wis. 2d 623, 594 N.W.2d 765 (1999) (hereinafter *Peterson II*); *McDonough v. DWD,* 227 Wis. 2d 271, 595 N.W.2d 686 (1999)).

¶ 20. The exception Grzelak refers to emanates from our decision in *Kyncl v. Kenosha County,* 37 Wis. 2d 547, 155 N.W.2d 583 (1968), where, in the context of an appeal from a condemnation award pursuant to Wis. Stat. § 32.05(11) (1967), we ruled:

> In the absence of a specific direction in the statute as to who is to be designated the condemnor [sic] for service of notice to contest the award, an ambiguity exists. Procedural statutes are to be liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible.

690

*Kyncl,* 37 Wis. 2d at 555–56.

¶ 21. The issue in *Kyncl* was whether the circuit court had jurisdiction to hear respondent's appeal from a condemnation award when the Kenosha County Highway Committee condemned plaintiff's land and Kenosha County took title to the land. *Id.* at 549–50. Pursuant to Wis. Stat. § 32.05(11) (1967), plaintiff initiated an appeal in Kenosha County Circuit Court, naming Kenosha County as the defendant. *Id.* at 549. Wisconsin Stat. § 32.05(11) expressly provided that the condemner be made the defendant in the action. *Id.* at 554. However, Wis. Stat. § 84.09(3) (1967) did not expressly designate which entity· was the condemner. *Id.* at 554. Although we concluded that the county highway commission was the condemner of the plaintiff's land, we held that service on Kenosha County was sufficient for the circuit court to acquire jurisdiction. *Id.* at 556. We reasoned:

> Serving the notice of appeal upon the subdivision of the state . . . that was designated as the new owner when the statute does not specify which municipality, commission or committee should be served as condemnor [sic] does not seem illogical. Nor does it seem at all probable that notice to the county would not be notice to the county highway committee or the state highway commission.

*Id.* at 555.

¶ 22. In *Peterson,* 218 Wis. 2d 473, another condemnation appeal, the court of appeals found that service on the Attorney General rather than the Department of Transportation (the actual condemner) was sufficient under Wis. Stat. § 32.05(9) (1995–96) for the merits of the appeal to be heard. *Id.* at 475. Relying on *Kyncl,* the court of appeals stated that "where the statute is ambiguous as to whom to serve, and the

691

statute and circumstances can, as here, be reasonably construed to support the [plaintiff's] interpretation, [the plaintiff is] entitled to a determination of their appeal on the merits." *Id.* at 484–85. The court of appeals found it was reasonable for the respondents to serve the State itself in light of the fact that the statute did not clearly provide whether the state entity actually receiving the award or the State itself should be served and "State of Wisconsin" was listed on the damage award. *Id.* at 484–85.

¶ 23. In *Peterson II,* this court affirmed the court of appeals' decision, stating: "We have long adhered to the rule that 'strict compliance with procedural statutes is necessary to obtain jurisdiction to review administrative agency decisions.' However . . . 'the statutes must clearly set forth the procedural requirements' necessary to pursue such review." *Peterson II,* 226 Wis. 2d at 633 (quoting *Trojan v. Bd. of Regents,* 104 Wis. 2d 277, 283–84, 311 N.W.2d 586 (1981)). Further, we noted that "where a procedural statute lacks 'specific direction' clearly indicating who is to be served with notice, 'an ambiguity exists[, such that the statute must be] liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible.' " *Id.* (quoting *Kyncl,* 37 Wis. 2d at 555–56).

¶ 24. We went on to instruct agencies that "[i]t is a better practice to have the notification of an agency's decision accompanied by an explanation of the procedures that must be followed in order to appeal that decision." *Id.* at 634. Further, we stated:

> We acknowledge . . . that it is important that citizens not be defeated in their redress of grievances by the maze of governmental entities. A person aggrieved by an administrative decision should not have to guess

692

which governmental entity to name and serve as the
respondent in proceedings for judicial review.

*Id.* at 635 (quoting *Sunnyview Village, Inc. v. DOA,* 104
Wis. 2d 396, 412, 311 N.W.2d 632 (1981)).

■
¶ 25. This "statutory ambiguity" rule was expanded in *Weber,* 231 Wis. 2d 222. In *Weber,* the plaintiffs petitioned for a writ of certiorari to review an action of the Dodge County Planning and Development Committee, but named the county's Planning and Development Department, rather than the Committee, in their petition. *Id.* at 223. As in the case before us, the circuit court found that it lacked subject matter jurisdiction because the writ was misdirected. *Id.* The issue before the court of appeals was "whether service on the Department may be considered compliance with *Kulike* under the applicable law and the facts of [the] case." *Id.* at 225. The court of appeals, relying on the language in *Kyncl, Peterson,* and *Peterson II,* held:

> *We think the same rule should apply where an ambiguity in service requirements is created through the interaction of the applicable statutes, case law and the specific circumstances of the case*—as here, with the pervasive use of the Department's personnel and stationery in the conduct of the Committee's business *vis-à-vis* Weber's petition, and the absence of any ascertainable independent identity on the part of the Committee . . . . In these circumstances, we think Weber could reasonably believe that his appeal of the decision was properly prosecuted against the Department, whether on its own behalf or as the Committee's agent.

*Id.* at 227–28 (emphasis added). Properly understood, this line of cases stands for the proposition that when the applicable law relating to proper certiorari proce-

dure is ambiguous, service on the agent of the decision-making body is sufficient for a court to acquire jurisdiction, if such service was reasonable under the circumstances.

¶ 26. The warden contended at oral argument that these cases are inapposite because they all dealt with statutory certiorari, not common law certiorari as is at issue here. First, we note that *Weber* specifically involved the application of the *Kulike* rule. Second, we find the language in *Weber* referring to the "interaction of the applicable statutes, case law and the specific circumstances of the case" particularly germane to our decision in the case at hand. *Weber,* 231 Wis. 2d at 227–28.

¶ 27. After exhausting administrative remedies, either by appealing substantive issues to the warden or procedural issues to the secretary, the inmate simply receives a decision. This decision lacks any notice to the inmate of how to proceed if he then wishes to appeal this decision to a court. In order to determine whom to name as respondent in his certiorari petition, Grzelak had to first look to case law to determine that "the writ of *certiorari* . . . must go to the board or body whose acts are sought to be reviewed[,]" *Kulike,* 132 Wis. at 105, and that certiorari is available only to appeal a final determination by an agency. *Czapiewski,* 54 Wis. 2d at 539. Next, Grzelak had to refer to Wis. Admin. Code § DOC 303.76(7)(d) (June 1994), which at the time he filed his petition, stated that "[t]he superintendent's decision is final." However, Grzelak then had to go back to case law to determine that the decision of the warden is not final with respect to procedural matters, *Smith,* 222 Wis. 2d at 74–75, the implication being that for non-procedural matters, some other decision maker is

694

final.. This analytical patchwork can in no form be considered "specific direction."

¶ 28. Contrary to the warden's assertions, *Smith* itself does not provide a clear answer to the question of whom to serve in this circumstance. *Smith* merely explained that "[t]he superintendent's decision is not final if the inmate can seek further review through the ICRS. . . . [P]rocedural errors are within the scope of the ICRS, and as to those type of errors the warden's decision is no longer final." *Id.* at 74. The *implication* here is that the secretary's decision is final with regard to procedural matters, as the secretary is the last step in the ICRS process. However, *Smith* does not *specifically* provide that the secretary's decision is final, nor does Wis. Admin. Code § DOC ch. 310 (April 1998). Thus, while *Smith* is certainly good law, it represents only one step in the mélange of code provisions, statutes, and common law that must be deciphered in order to determine that the secretary is the proper party to name when appealing procedural errors.[5]

██

¶ 29. We find the procedural rules governing proper service in this case to be ambiguous for the following reasons: (1) the lack of a clear statement in any previous decision, statute, or administrative regulation providing that when raising procedural issues, in order to properly file a petition for writ of certiorari an inmate must name the Secretary of the Department of Corrections as the respondent; (2) the labyrinth of administrative regulations and case law regarding who is the proper party to serve; and (3) the fact that Grzelak was initially pursuing both procedural and

---

[5] Thus, we respectfully disagree with the dissent's assertion that *Smith* provides a clear answer in this case.

substantive claims.[6] Thus, following *Kyncl* and its progeny, we will apply the relevant procedural rules liberally, and allow the merits of Grzelak's petition to be *heard* if his interpretation regarding whom to serve was reasonable. In other words, if Grzelak's service on the warden was reasonable under the facts and circumstances of this case, such service was sufficient for the circuit court to acquire jurisdiction and hear the merits of his complaint.

¶ 30. As previously noted, Grzelak was initially appealing both procedural and substantive issues relating to the conduct reports. With respect to the alleged non-procedural or substantive errors, the warden's decision is final, and ICRS review is not required to exhaust administrative remedies. Thus, regarding his substantive claims, naming the warden was necessary. However, even with respect to the procedural issues, the ICRS process is merely a review of the record of the institutional hearing procedures under Wis. Admin. Code § DOC 303.76. *See* Wis. Admin. Code §§ DOC 310.11–.14 (Apr. 1998). The conduct reports at issue

---

[6] The dissent urges us to apply the rationale of *Hagen v. City of Milwaukee,* 2003 WI 56, 262 Wis. 2d 113, 663 N.W.2d 268, where this court held that a process server's mistake of serving the wrong government entity defeated personal jurisdiction. The majority has no dispute with the holding in *Hagen.* However, *Hagen* is inapplicable because the single statute prescribing the method of service, Wis. Stat. § 801.11(4), was unambiguous. Unlike *Hagen,* the case before us involves a patchwork of incomplete case law and regulations. *Hagen* was a case in which service on the wrong entity was attributable to a misdirected process server. In the case before us, we have no single statute that clearly provides the proper method of service. The "mistake" by Grzelak was the result of ambiguous case law and regulations regarding the proper party to serve, not misdirection by a third party.

were generated pursuant to Wis. Admin. Code, § DOC ch. 303 (June 1994), "Discipline." According to § DOC 303.76(7)(d), at the time of Grzelak's petition, "the decision of the warden is final." When filing a complaint under the ICRS, an inmate is challenging the decision of the warden. In light of the fact that the ICRS process is simply a review of the record, it would be reasonable for an inmate to conclude that when filing a certiorari petition he is still challenging the warden's decision. Thus, Grzelak's decision to name the warden in his petition does not strike us as illogical.

¶ 31. Given these circumstances and the afore-mentioned legal complexities of determining whom to serve, we find that it was reasonable for Grzelak to serve the warden in relation to his procedural claims. Thus, we hold that under the facts and circumstances of this case and applicable law, as it existed at the time Grzelak filed his petition, Grzelak's naming of the warden was sufficient, with respect to the procedural issues in the three conduct reports, for the circuit court to acquire jurisdiction to hear his petition for certiorari on the merits. We note that this holding is limited to the facts of this case. We do not determine whether we would reach a similar conclusion if an inmate filed his petition after Wis. Admin. Code § DOC 303.76(7)(d) (June 1994) was amended and/or appealed only proce-dural issues at the outset.

¶ 32. Finally, as we stated in *Peterson II,* 226 Wis. 2d at 634, we believe "[i]t is a better practice to have the notification of an agency's decision accompanied by an explanation of the procedures that must be followed in order to appeal that decision." Once an inmate has exhausted his administrative remedies, having followed the extensive and detailed administrative review proce-

dures described in Wis. Admin. Code § DOC chs. 303 (June 1994) & 310 (Apr. 1998), he should not have to guess whom to serve to initiate the next step in the process and have his grievances heard in a court of law. Thus, we *strongly* recommend to the Department of Corrections that when one of its agents renders a final decision, it specifically and clearly give written notice to an inmate and indicate who is the appropriate party to name as respondent and serve in a petition for certiorari.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 33. N. PATRICK CROOKS, J. *(dissenting).* For the reasons set forth below, I respectfully dissent.

¶ 34. The majority opinion fails to follow the clear dictates of *State ex rel. Kulike v. Town Clerk,* 132 Wis. 103, 111 N.W. 1129 (1907), in this case. Given *Kulike's* specific instructions, I find that *Kulike* provides sufficient guidance regarding the appropriate party to be served in a common law writ of certiorari action, such as is the case here. The *Kulike* court held:

> Except where specifically provided by statute or in particular cases of necessity, as where the board or body whose acts are sought to be reviewed is not continuing or has ceased to exist, the writ of *certiorari* cannot properly run to a mere ministerial officer simply because he is the custodian of the records, but must go to the board or body whose acts are sought to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject matter or of the persons composing such board or body.

*Id.* at 105. According to *Kulike,* the person served with the writ of certiorari must be the person "whose acts are

sought to be reviewed." *Id.* If the incorrect person or entity is served, the court lacks personal jurisdiction to review the case.

¶ 35. Further, *State ex rel. Smith v. McCaughtry,* 222 Wis. 2d 68, 586 N.W.2d 63 (Ct. App. 1998) (*abrogated in part* as to futility exception to exhaustion requirement *by State ex rel. Hensley v. Endicott,* 2001 WI 105, ¶ 13, 245 Wis. 2d 607, 621, 629 N.W.2d 686), clarifies the law as to the party to whom service is appropriately directed in disciplinary cases involving claims of procedural error. *Smith* states that the warden's or superintendent's "decision is not final if the inmate can seek further review through the ICRS." *Id.* at 74. *Smith* further explains that:

> [T]he number and specificity of the changes in the current version of WIS. ADM. CODE ch. DOC 310 leave no ambiguity about the Department's intent. The intent is that procedural errors are within the scope of the ICRS, and as to those types of errors the warden's decision is no longer final.

*Id.* The majority indicates that *Smith* does not provide sufficient guidance regarding whom to serve, and, therefore, ambiguity exists. *See* majority op., ¶ 28 and ¶ 29. I disagree that *Smith, Kulike,* and the administrative code sections are ambiguous. Based on the holding in *Smith,* Grzelak was required to serve the secretary of the Department of Corrections. It is not unreasonable to expect Grzelak to comply with these procedural rules. Because Grzelak incorrectly served the warden, Daniel Bertrand, instead of serving the secretary of the Department of Corrections, the circuit court lacked personal jurisdiction over the secretary and, therefore, the circuit court could not review the issues presented.

¶ 36. Moreover, I disagree with the majority opinion's strong reliance on three condemnation cases, all dealing with statutory certiorari, to provide an exception to *Kulike,* which involved common law certiorari. Although the majority concedes that *Smith* is correct, *see* majority op., ¶ 28, it uses condemnation cases to attempt to carve out an exception for Grzelak, despite the lack of jurisdiction. Because I find that *Smith* and *Kulike* are controlling authorities here, the use of condemnation cases in an effort to provide a means for Grzelak to have his issues reviewed, despite serving the wrong person, is unpersuasive.

¶ 37. Earlier this term this court had the occasion to resolve another personal jurisdiction issue. In *Hagen v. City of Milwaukee,* 2003 WI 56, 262 Wis. 2d 113, 663 N.W.2d 268, this court refused to find personal jurisdiction when the plaintiff served the summons and complaint on a nonparty located in the same building as the defendant, but not on the defendant. This occurred allegedly at the direction of a person in the defendant's office. *Id.,* ¶ 25. In *Hagen,* the plaintiff's process server went to the Milwaukee Employes' Retirement System/Annuity and Pension Board (MERS) office, but was told that process should be served at the city clerk's office. *Id.,* ¶ 8. As a result, the process server went to the clerk's office, and a clerk's office employee accepted service. *Id.* MERS asserted that the court lacked personal jurisdiction over it as a result of the process server's failure to achieve service on it. *Id.,* ¶ 6. This court agreed and we affirmed the court of appeals, and held that the circuit court lacked personal jurisdiction over MERS due to the improper service of process. *Id.,* ¶ 26.

¶ 38. In *Hagen,* this court correctly decided that mistake was not an excuse, warranting the extension of

personal jurisdiction over a party. This reasoning clearly applies to the facts of this case. Because Grzelak chose service on the warden, and not on the secretary, the circuit court lacked personal jurisdiction. Any attempt to read ambiguity into the statutes, administrative code, and case law does not change *Hagen*'s holding. A mistake in the service of process, whereby the wrong person or entity is served, does not provide the plaintiff with an excuse for the lack of personal jurisdiction.

¶ 39. I agree with the court of appeals' analysis of this case. The court of appeals stated:

> Grzelak's procedural challenges include lack of notice, inability to compel the attendance of witnesses and untimely or inadequate service of complaints on him. He named the prison warden, Daniel Bertrand, the respondent in this certiorari action. The secretary of the Department of Corrections, not the warden, is the final administrative authority on procedural matters. *See State ex rel. Smith v. McCaughtry,* 222 Wis. 2d 68, 74, 586 N.W.2d 63 (Ct. App. 1998). Because Grzelak seeks review of the secretary's decision, his failure to direct the writ to the secretary deprives the court of subject matter and personal jurisdiction to review those issues. *See State ex rel. Kulike v. Town Clerk,* 132 Wis. 103, 105, 111 N.W. 1129 (1907).

*State ex rel. Grzelak v. Bertrand,* No. 02–0678, unpublished order (Wis. Ct. App. Aug. 27, 2002). Because I find that *Kulike, Smith,* and *Hagen* are applicable to this case, we should not find personal jurisdiction where none exists.

¶ 40. For the reasons discussed, I respectfully dissent.

¶ 41. I am authorized to state that Justice DIANE S. SYKES joins this dissent.