ALL STAR RENT A CAR, INC., Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF TRANSPORTATION and Wisconsin Division of Hearings and Appeals, Respondents-Respondents.†

Court of Appeals

*No. 03–2668. Submitted on briefs February 11, 2004.—Decided September 23, 2004.*

2004 WI App 198

(Also reported in 688 N.W.2d 681.)

† Petition for review granted 2-9-2005.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Richard J. Ward*, of *RJW Legal Services Group, S.C.*, Madison.

On behalf of the respondents-respondents, the cause was submitted on the brief of *F. Thomas Creeron III*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Deininger, P.J., Dykman and Vergeront, JJ.

¶ 1. DEININGER, P.J.   All Star Rent A Car, Inc., appeals an order dismissing its petition for judicial review of an administrative decision and order that revoked All Star's motor vehicle dealer license and affirmed the denial of its application for license renewal. The circuit court dismissed All Star's petition because All Star had not served the Division of Hearings and Appeals (DHA), which issued the challenged administrative decision and order, within the time

period required by Wis. Stat. § 227.53(1) (2001–02).[1] We conclude that the statutes prescribing which administrative entity All Star was required to serve in order to comply with § 227.53(1) are ambiguous, and, therefore, that All Star's service of its petition on the Wisconsin Department of Transportation (DOT) was sufficient to permit the circuit court to consider the merits of All Star's petition. Accordingly, we remand to the circuit court for a determination on the merits of All Star's challenge to the administrative decision and order.

## BACKGROUND

¶ 2.  An entity that "sells, leases, exchanges, buys, offers or attempts to negotiate a sale, consumer lease or exchange of an interest in motor vehicles" must obtain a "motor vehicle dealer" license from the Wisconsin Department of Transportation. Wis. Stat. §§ 218.0101(23); 218.0114(1). If the DOT denies an application for a license, the applicant may petition the Division of Hearings and Appeals, which is a "division . . . in the department of administration," Wis. Stat. § 227.43(1), for "a hearing to review the denial." Wis. Stat. § 218.0116(2). Similarly, if the DOT seeks to revoke or suspend a license it previously granted to a motor vehicle dealer, it may do so only by persuading the DHA, after a hearing upon notice to the licensee, that there are proper grounds to do so. See § 218.0116(4). Any person aggrieved by a DHA decision regarding the denial or revocation of a motor vehicle dealer license may obtain judicial review "as provided in [Wis. Stat.] ch. 227." Section 218.0116(9).

¶ 3.  All Star Rent A Car, Inc., held a motor vehicle dealer license issued by the DOT that permitted All

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

796

Star to sell motor vehicles to retail buyers. The DOT instituted an administrative proceeding before the DHA to revoke All Star's dealer license because of its alleged violations of statutes and regulations applicable to motor vehicle dealers. While awaiting a hearing on the revocation, All Star sought to renew its dealer license, which the DOT denied. All Star petitioned DHA for review of the nonrenewal decision, and the two matters were consolidated in a single administrative proceeding. In a written order dated May 15, 2003, the administrator of the DHA ordered All Star's motor vehicle dealer license revoked and affirmed the DOT's refusal to renew All Star's license.

¶ 4. All Star filed a petition for judicial review of the administrative decision and order in the Dane County Circuit Court on May 27, 2003. The petition named the DOT as respondent. All Star caused its petition and an accompanying summons to be served on both the DOT and the attorney general's office on May 28th. All Star neither named DHA as a party nor served it with notice of the court action. The DOT moved to dismiss All Star's petition on the grounds that the circuit court lacked both personal jurisdiction over it and subject matter jurisdiction over the petition because All Star had failed to name or serve the DHA within thirty days of DHA's decision and order as required by Wis. Stat. § 227.53(1).

¶ 5. In response, All Star filed an amended summons and petition for judicial review on July 22, 2003, naming both the DOT and the DHA as respondents, and it served the DHA with copies of both its original and amended summons and petition on July 25th. The circuit court concluded that, because All Star had failed to serve the DHA within the thirty days mandated by statute, the court lacked jurisdiction to consider All

Star's petition for review. Accordingly, the court ordered All Star's petition dismissed and subsequently denied All Star's motion for reconsideration. All Star appeals.

## ANALYSIS

¶ 6. The issue before us involves the interpretation of Wisconsin statutes governing the requirements for service of petitions for judicial review of administrative decisions under WIS. STAT. ch. 227. Thus, the appeal presents a question of law that we decide de novo without deference to the circuit court's conclusions. *See Sunnyview Village, Inc. v. DOA*, 104 Wis. 2d 396, 402, 311 N.W.2d 632 (1981).

¶ 7. The basic filing and service requirements seem, at first blush, quite straightforward:

> 1. Proceedings for review shall be instituted by serving a petition therefor personally or by certified mail upon the agency or one of its officials, and filing the petition in the office of the clerk of circuit court for the county where the judicial review proceedings are to be held . . . .

> 2. Unless a rehearing is requested under s. 227.49, petitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.48 . . . . The 30–day period for serving and filing a petition under this paragraph commences on the day after personal service or mailing of the decision by the agency.

WIS. STAT. § 227.53(1)(a). The "agency" which must be served is "the agency whose decision is sought to be reviewed," and that agency must be named as the "respondent" in the caption of the petition. Section

227.53(1)(b); *Sunnyview*, 104 Wis. 2d at 402–03 ("[A]l-though the statutes do not explicitly so state . . . a petitioner [must] name and serve as respondent that governmental entity which has made the decision of which review is sought.").[2]

¶ 8.   The failure to serve the agency that made the decision for which review is sought within the statutory thirty-day period "deprives the circuit court of jurisdiction." *Id.* at 399.[3] Because DHA was the agency that made the decision for which All Star seeks review, and because All Star did not serve DHA with its petition until well after the thirty-day period, the circuit court concluded, somewhat reluctantly, that it had no choice but to dismiss the petition.[4] All Star maintains, how-

---

[2] WISCONSIN STAT. § 227.53(1) specifies that when the decision to be reviewed is that of the tax appeals commission or the banking, credit union, or savings institutions review boards, certain, specified agencies are to be named as respondents and service is to be made on both the decision-maker and the specified respondent. No similar provisions address the present circumstances, i.e., where the Division of Hearings and Appeals (DHA) has made the decision for which judicial review is sought.

[3] Although the court did not specify in *Sunnyview* whether it was referring to subject matter jurisdiction or personal jurisdiction over the proper respondent, we assume it was the latter. *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 1, 273 Wis. 2d 76, 681 N.W.2d 190 ("Circuit courts in Wisconsin are constitutional courts with general original subject matter jurisdiction over 'all matters civil and criminal.' WIS. CONST. art. VII, § 8. Accordingly, a circuit court is never without subject matter jurisdiction.").

[4] The court said that this "case demonstrates the harshness of the 'strict compliance' rule . . . . The agency decision, whether good or bad, right or wrong, must now stand impervious to review."

ever, that its service on the DOT was sufficient because the statutory service requirements are ambiguous when applied to the present facts, and thus, we must permit All Star's petition to be considered on its merits because it could reasonably conclude that the DOT was the proper agency to be served. We agree.

¶ 9.   Parties who wish to have administrative decisions reviewed in circuit court are required to strictly comply with statutory requirements for service of process, and a failure to strictly comply may produce harsh consequences. *See Dietrich v. Elliott*, 190 Wis. 2d 816, 827, 528 N.W.2d 17 (Ct. App. 1995). Wisconsin case law also establishes, however, that "[w]hen an ambiguity exists regarding the specific party to be served, procedural statutes must be construed liberally" to allow for determination of the controversy on its merits. *McDonough v. DWD*, 227 Wis. 2d 271, ¶ 22, 595 N.W.2d 686 (1999). Put another way, when statutes governing procedure are ambiguous because they lack "specific direction clearly indicating who is to be served," service "is sufficient for a court to acquire jurisdiction, if such service was reasonable under the circumstances." *State ex rel. Grzelak v. Bertrand*, 2003 WI 102, 23, 25, 263 Wis. 2d 678, 665 N.W.2d 244. We conclude that to be the case here.

¶ 10.   A statute is ambiguous "if it is capable of being understood by reasonably well-informed persons in two or more senses . . . . [T]he test for ambiguity examines the language of the statute 'to determine whether 'well-informed persons *should have* become confused,' that is, whether the statutory . . . language *reasonably* gives rise to different meanings.' " *State ex*

*rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 47, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted).

¶ 11. Here, an ambiguity first arises from the definition of "agency" in Wis. Stat. § 227.01(1), which defines "agency" for purposes of Wis. Stat. ch. 227 as "the Wisconsin land council or board, commission, committee, department or officer in the state government, except the governor, a district attorney or a military or judicial officer." The DHA, however, is *not* a state "board, commission, committee, department or officer." Rather, it is a "division . . . which is attached to the department of administration under s. 15.03." Wis. Stat. § 15.103(1). A "division" does not appear in the § 227.01(1) definition of "agency." Thus, a reasonable person reading Wis. Stat. § 227.53(1), in conjunction with § 227.01(1) and § 15.103(1), could reasonably conclude that the DHA is not an agency, and thus cannot be the entity which must be served in order to satisfy § 227.53(1). And, because it was the DOT that decided to seek revocation of All Star's motor vehicle dealer license and to deny its renewal, All Star could reasonably conclude that the DOT, a "department" and thus an "agency," was the proper entity to name as respondent and serve under § 227.53(1).

¶ 12. Adding to the ambiguity of Wis. Stat. § 227.53(1) are Wis. Stat. §§ 227.43(1)(bg) and 227.46(2m). The first provides that the administrator of the DHA shall "[a]ssign a hearing examiner to preside over any hearing or review" regarding DOT license denials and revocations. Section 227.43(1)(bg). The second provides that the DHA hearing examiner shall prepare a "proposed decision," which may be adopted or modified by the DHA administrator, and the "decision of the administrator of the [DHA] is a final decision of *the*

*agency* subject to judicial review under s. 227.52" (emphasis added). Section 227.46(2m). This last provision could reasonably be read to mean that the DHA administrator's decision becomes the final decision of the DOT. This is so because (1) the DHA is not an "agency" within the governing statutory definition, but the DOT is; (2) saying that "[t]he decision of the administrator of the DHA is a final decision" of the DHA seems superfluous; and (3) when DHA personnel review administrative actions taken by other state entities, the DHA hearing examiner's decision may "by rule or . . . order" become "the final decision of the agency" whose action was reviewed. *See* Wis. Stat. § 227.46(3)(a).

¶ 13. The DOT[5] argues, however, that the foregoing provisions plainly establish that the DHA is the final decision-maker in motor vehicle dealer license renewal and revocation actions. The DOT points out that the DHA is an entity separate and distinct from the DOT, and it argues that the DHA is the agency whose decision is subject to review, and in turn, the agency that must be named as the respondent and served under Wis. Stat. § 227.53(1). This is especially so, in the DOT's view, when legislative history is consulted because the office of commissioner of transportation previously performed the administrative reviews of DOT dealer licensing decisions now performed by the DHA, and the commissioner's decisions were both de novo and final for purposes of judicial review. *See DOT*

_____

[5] Both the DOT and the DHA are named as respondents in this appeal, and they are represented by the same assistant attorney general who filed a single response brief. For convenience, we will refer to the respondents collectively as "the DOT."

*v. Office of Comm'r of Transp.*, 159 Wis. 2d 271, 463 N.W.2d 870 (Ct. App. 1990).

¶ 14.   The DOT also argues that there can be no confusion regarding whether the DHA is the agency to be named and served in this case because the DHA had the power to reverse or modify the DOT's initial non-renewal decision. WIS. STAT. § 218.0116(2). The DOT also points to § 218.0116(4)(c), which plainly states that license revocation issues "*shall be* heard and *decided upon* by the division of hearings and appeals" (emphasis added). The DOT notes as well that WIS. STAT. § 227.46(2m) provides that the DOT itself may petition for review of an adverse decision by the DHA administrator, which would mean that if the DHA administrator's decision were deemed "the final decision" of the DOT, the DOT would in effect be seeking review of its own final decision. Finally, the DOT notes that the hearing took place in the offices of the DHA and that the DHA appended an unambiguous notice to its final decision that it should be named as the respondent in any petition for review.[6]

---

[6] On the final page of the DHA decision, below the administrator's signature, is a "NOTICE", which in the next to last sentence of the second numbered paragraph informs a reader:   "Any petition for judicial review shall name the Division of Hearings and Appeals as the respondent." We note, however, that the sentence which follows advises that "[p]ersons desiring to file for judicial review are advised to closely examine all provisions of WIS. STAT. §§ 227.52 and 227.53 to insure strict compliance with all its requirements." Although this is good advice, it directs prospective petitioners to the very statutory ambiguity we have noted regarding what entity is the "agency" to be named and served. Moreover, the impact of the directive in the appended notice that a petitioner should name the DHA as respondent is somewhat diminished by the very first page of the DHA decision, which informs a reader that in "accordance with

¶ 15.   The DOT may be correct that, notwithstanding the ambiguity arising on account of the DHA's not coming within the definition of "agency" in WIS. STAT. § 227.01(1), a resort to legislative history and other statutes might well result in the DOT's interpretation being deemed the more reasonable. The purpose of our present inquiry, however, is not to determine which interpretation more closely reflects the apparent legislative intent, but whether the actual language of WIS. STAT. § 227.53(1) can reasonably be read in more than one way. As we have explained, we conclude that the statute is subject to more than one reasonable reading, and accordingly, All Star must get the benefit of the doubt created by the ambiguous statutory language. *See DOT v. Peterson*, 226 Wis. 2d 623, ¶ 21, 594 N.W.2d 765 (1999) (noting that "where an ambiguity exists '[p]rocedural statutes are to be liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible' " (citation omitted)).

¶ 16.   In sum, we are not persuaded that any of the matters raised by the DOT renders All Star's reading of the service statute unreasonable. For the reasons we have explained, All Star could reasonably read the statutes at issue to mean that it must name and serve

WIS. STAT. §§ 227.47 and 227.53(1)(c), the PARTIES are certified as follows:   All Star Rent a Car, Inc., . . .   [and] Wisconsin Department of Transportation." We agree with the supreme court's observation regarding a similarly worded statutory predecessor of § 227.53(1) that the statutory service requirement is "troublesome" and "not easy to understand" in that it is "complex and becomes confusing not only when read in a cursory fashion but also when read in conjunction with sec. 227.01(1) which defines agency." *Sunnyview Village, Inc. v. DOA*, 104 Wis. 2d 396, 399–400, 311 N.W.2d 632 (1981).

the DOT, which unlike the DHA, is an "agency" within the definition of WIS. STAT. § 227.01(1). The ambiguity in these statutes, when applied to the present facts, requires that we apply a liberal interpretation of the service requirements in WIS. STAT. § 227.53(1). *McDonough*, 227 Wis. 2d 271, ¶ 22. Accordingly, we reverse the circuit court's order dismissing All Star's petition for review, and we remand to the circuit court for consideration of All Star's petition on its merits.

## CONCLUSION

¶ 17.　For the reasons discussed above, we reverse the appealed order and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.