ALL STAR RENT A CAR, INC.,
Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF TRANSPORTATION and
Wisconsin Division of Hearings and Appeals,
Respondents-Respondents-Petitioners.

Supreme Court

No. 2003AP2668. *Oral argument September 27, 2005.
—Decided July 6, 2006.*

2006 WI 85

(Also reported in 716 N.W.2d 506.)

618

ROGGENSACK, J., dissents.
BUTLER, Jr., J., joins.

For the respondents-respondents-petitioners, the cause was argued by *F. Thomas Creeron III*, assistant attorney general, with whom on the briefs was *Peggy A. Lautenschlager,* attorney general.

For the petitioner-appellant there was a brief by *Richard J. Ward* and *RJW Legal Services Group, S.C.,* Madison, and oral argument by *Richard J. Ward.*

¶ 1. DAVID T. PROSSER, J. This case involves All Star Rent A Car, Inc.'s (All Star) failure to name and serve the Division of Hearings and Appeals (DHA) as respondent when All Star sought review of DHA's decision in circuit court. The circuit court dismissed All Star's petition on grounds that All Star failed to comply with Wis. Stat. § 227.53.[1] The court of appeals reversed in a published decision[2] because it concluded that the relevant statutes were ambiguous and, as a result, All Star's action in naming and serving the Department of Transportation (DOT), but not the Division of Hearings and Appeals (DHA), was reasonable under the circumstances. We agree with the court of appeals that the relevant statutes are ambiguous. We also recognize that

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] *All Star Rent A Car, Inc. v. Wis. Dep't of Transp.,* 2004 WI App 198, 276 Wis. 2d 793, 688 N.W.2d 681.

All Star was required to serve DOT as a party under Wis. Stat. § 227.53(1)(c). Nevertheless, we conclude that All Star's failure to follow the instructions in the "Notice" of review rights appended to DHA's written decision—instructions that directed All Star to name DHA as respondent in a notice that clarified the confusing statutes—was not reasonable. Consequently, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2. The DOT licenses motor vehicle dealers in Wisconsin. Wis. Stat. §§ 218.0101(23) and 218.0114(1). All Star is a licensed motor vehicle dealer that purchases damaged cars and sells them after making repairs. In 2002 All Star's dealer license was scheduled to expire on September 30. Because of consumer complaints and other evidence of statutory violations, the DOT filed a complaint with the DHA to revoke All Star's license. The complaint was dated July 17, 2002.

¶ 3. On August 30, looking ahead to its September 30 license expiration, All Star applied for renewal of its license. By letter dated September 4, 2002, DOT denied the application. On September 25 All Star responded to this denial by filing a request with DHA for a hearing to review the denial.

¶ 4. The DHA combined the revocation proceeding (TR-02–0030) and the nonrenewal proceeding (TR-02–0044) for a contested case hearing on November 8, 2002, before Administrative Law Judge Mark J. Kaiser (ALJ). On March 13, 2003, the ALJ issued a proposed decision. The proposed decision found that DOT had proved two of the three violations it had alleged against All Star, and the proposed order revoked All Star's license and affirmed DOT's nonrenewal of the license.

¶ 5. After receiving comments from the parties, the Administrator of DHA, David Schwarz, issued a Final Decision on May 15, 2003. In the Final Decision, the Administrator made 21 findings of fact and asserted 6 conclusions of law. The Administrator's Order affirmed DOT's denial of All Star's license renewal and revoked All Star's motor vehicle license.[3]

¶ 6. Attached to DHA's Final Decision was a Notice of All Star's right to judicial review of the decision.[4] The Notice—headed in bold type—stated:

> Set out below is a list of alternative methods available to persons who may wish to obtain review of *the attached decision of the Division.* This notice is provided to insure compliance with Wis. Stat. § 227.48 and sets out the rights of any party to this proceeding to petition for rehearing and administrative or judicial review of an adverse decision.

> . . . .

---

[3] DHA ordered All Star's license revoked for two reasons. First, DHA found that All Star had sold a car with damage to its frame without supplying notice to the buyer, in violation of Wis. Stat. § 218.0116(1)(gm) as interpreted by Wis. Admin. Code § Trans 139.04(4) and (6). Second, DHA found that All Star had refused to produce records when requested by DOT, in violation of Wis. Stat. § 218.0116(5).

[4] Wisconsin Stat. § 227.48(2) requires DHA to append this notice to its decisions. In part, § 227.48(2) states: "Each decision shall include notice of any right of the parties to petition for rehearing and administrative or judicial review of adverse decisions, the time allowed for filing each petition and identification of the party to be named as respondent."

The legislature enacted the text of Wis. Stat. § 227.48(2) in ch. 378, Laws of 1981, in response to *Sunnyview Village, Inc. v. Department of Administration,* 104 Wis. 2d 396, 311 N.W.2d 632 (1981).

2. Any person aggrieved by the attached decision which adversely affects the substantial interests of such person by action or inaction, affirmative or negative in form is entitled to judicial review by filing a petition [therefor] in accordance with the provisions of Wis. Stat. §§ 227.52 and 227.53. Said petition must be filed within thirty (30) days after service of *the agency decision sought to be reviewed.* If a rehearing is requested as noted in paragraph (1) [setting forth the procedure for requesting a rehearing before DHA] above, any party seeking judicial review shall serve and file a petition for review within thirty (30) days after service of the order disposing of the rehearing application or within thirty (30) days after final disposition by operation of law. *Any petition for judicial review shall name the Division of Hearings and Appeals as the respondent.* Persons desiring to file for judicial review are advised to closely examine all provisions of Wis. Stat. §§ 227.52 and 227.53 to insure strict compliance with all its requirements. (Emphasis added.)

¶ 7. On May 26, 2003, All Star petitioned the Dane County Circuit Court for judicial review of DHA's decision pursuant to Wis. Stat. § 227.52. In its petition, All Star named DOT as the respondent and served the petition upon DOT and the Attorney General. All Star did not name or serve DHA. On May 29, 2003, the circuit court held a hearing on All Star's motion to stay the effect of DHA's order. On June 13, 2003, the circuit court held a second hearing on All Star's stay request. Present at both hearings were attorneys for DOT and the Attorney General. Ultimately, the circuit court granted All Star's request for a stay.

¶ 8. On June 16, 2003, more than 30 days after All Star received the May 15 decision, and 20 days after All Star served DOT with its petition for judicial review, DOT filed a notice of appearance and a motion to

623

dismiss.[5] DOT claimed the circuit court lacked personal jurisdiction over DHA and subject matter jurisdiction.[6] The circuit court agreed and dismissed All Star's petition because All Star failed to name and serve DHA as the respondent, which the court concluded was required by Wis. Stat. § 227.53(1)(b). The circuit court held: (1) Wis. Stat. §§ 227.52 and 227.53 clearly required service upon DHA; and (2) All Star's decision "to serve a party entirely unrelated to the deciding 'agency[,]' " was neither reasonable nor logical.

¶ 9. All Star appealed, and the court of appeals reversed. The court of appeals concluded that Wis. Stat. § 227.53 is ambiguous in prescribing "which administrative entity All Star was required to serve . . . ." *All Star Rent A Car v. Wis. Dep't of Transp.*, 2004 WI App 198, ¶ 1, 276 Wis. 2d 793, 688 N.W.2d 681.

¶ 10. The court of appeals found two sources of ambiguity. First, Wis. Stat. § 227.53(1)(b) requires the petition to be entitled in "the name of the *agency* whose

---

[5] The number of days is significant because: (1) all parties necessary to judicial review of an administrative decision must be served within 30 days of the agency's decision, Wis. Stat. § 227.53(1)(a)2.; and (2) parties who desire to participate in the judicial review must serve upon the petitioner, within 20 days of receiving the petition for judicial review, a notice of appearance that sets forth that party's position on each material allegation in the petition. Wis. Stat. § 227.53(2).

[6] Subsequent to DOT filing its motion to dismiss, we decided *Village of Trempealeau v. Mikrut*, in which we discussed subject matter jurisdiction and competency (the court's ability to exercise its subject matter jurisdiction). 2004 WI 79, ¶¶ 8-9, 273 Wis. 2d 76, 681 N.W.2d 190. DOT and DHA correctly acknowledged in their brief to this court that the second basis for their motion to dismiss was actually a challenge to the circuit court's competency. Accordingly, we will refer to this basis for dismissal as the competency of the circuit court.

decision is sought to be reviewed as respondent . . . ." (Emphasis added.) Wisconsin Stat. § 227.01(1) defines an "agency" as "the Wisconsin land council or a board, commission, committee, department or officer in the state government, except the governor, a district attorney or a military or judicial officer." DHA is a "division" of the Department of Administration (DOA). Wis. Stat. § 218.0101(9). A "division" does not fit within the definition of agency in § 227.01(1). Therefore, the court of appeals concluded, § 227.53 does not clearly require DHA to be named and served as the respondent. *All Star Rent A Car*, 276 Wis. 2d 793, ¶ 11.

¶ 11. Second, Wis. Stat. § 227.46(2m) states: "The decision of the administrator of the division of hearings and appeals is a final decision of the agency subject to judicial review under s. 227.52." The court of appeals concluded that a reasonable reading of this statute is that "the DHA administrator's decision becomes the final decision of the DOT." *All Star Rent A Car*, 276 Wis. 2d 793, ¶ 12. Thus, the court of appeals concluded the interaction between Wis. Stat. §§ 227.53 and 227.46(2m) rendered the former unclear as to whom must be named and served as the respondent. *Id.*

¶ 12. We granted the DOT and DHA's petition for review.

## II. STANDARD OF REVIEW

■

¶ 13. Whether Wis. Stat. § 227.53(1) clearly prescribes which agency must be named and served as the respondent requires statutory interpretation. Statutory interpretation is a question of law we review de novo. *State v. Tucker*, 2005 WI 46, ¶ 11, 279 Wis. 2d 697, 703, 694 N.W.2d 926.

¶ 14. Likewise, whether All Star's failure to name and serve DHA was reasonable under the circumstances is a question of law, since the underlying facts are not in dispute. *See State ex rel. Coleman v. McCaughtry*, 2006 WI 49, ¶ 17, 290 Wis. 2d 352, 714 N.W.2d 900.

¶ 15. Finally, determinations of waiver generally present mixed questions of fact and law. *See Reckner v. Reckner*, 105 Wis. 2d 425, 435, 314 N.W.2d 159 (Ct. App. 1981). Where the facts are undisputed, however, the question of whether DOT waived its objection to the competence of the circuit court is a question of law we review de novo. *Johnson v. Rogers Mem'l Hosp.*, 2005 WI 114, ¶ 31, 283 Wis. 2d 384, 700 N.W.2d 27.

## III. DISCUSSION

¶ 16. This case requires the court to consider three questions:

1. Does Wis. Stat. § 227.53 clearly set forth which agency must be named and served as respondent on the facts of this case?

2. If § 227.53 does not clearly set forth which agency must be named and served, was All Star's action in naming and serving only DOT reasonable?

3. Did DOT waive its objection to the "competency" of the circuit court by participating in two court hearings?

¶ 17. Before we turn to the merits of the parties' dispute, we will briefly describe DOT's licensing procedure, judicial review of DOT licensing decisions, and the relationship of DHA to DOT.

¶ 18. DOT is charged with issuing and supervising motor vehicle dealer licenses. Wis. Stat. § 218.0111. DOT has the authority to deny an application for a license, including a renewal application. Wis. Stat. § 218.0116(2). If an applicant wishes to contest DOT's denial decision, it must petition DHA for review. Wis. Stat. § 218.0116(2). DHA, therefore, is the final decision-maker as to whether a license application will be granted.

¶ 19. DHA's authority is even clearer in a license revocation. DOT lacks authority to suspend or revoke a motor vehicle dealer license without a hearing. Wis. Stat. § 218.0116(4)(a). DOT may initiate license revocation proceedings, but these matters "shall be heard and decided by the division of hearings and appeals." Wis. Stat. § 218.0116(4)(c).

¶ 20. Thus, for both license-application denials and license revocations DHA is the final decision-maker. *See* Wis. Stat. §§ 227.43(1)(bg) (requiring DHA administrator to assign a hearing examiner to preside over proceedings concerning the nonrenewal and revocation of motor vehicle dealer licenses) and 227.46(2m) ("The decision of the administrator of the division of hearings and appeals is a final decision of the agency subject to judicial review."); *see also Racine Harley-Davidson, Inc. v. State of Wis. Div. of Hearings & Appeals,* 2006 WI 86, ¶¶ 24–25, 292 Wis. 2d 549, 717 N.W.2d 184. Thereafter, "[a]ny person in interest aggrieved by a decision of the division of hearings and appeals . . . may have a review of the decision as provided in ch. 227." Wis. Stat. § 218.0116(9).

¶ 21. Any person whose substantial interests are adversely affected by an administrative decision may obtain judicial review. Wis. Stat. § 227.52. Wisconsin

Stat. § 227.53 prescribes the procedures an aggrieved person must follow to obtain judicial review. Among these requirements are the following:

1. The person must petition for judicial review within 30 days of service of the agency decision (Wis. Stat. § 227.53(1)(a)2.);

2. The person shall entitle the petition in the name of the person serving the petition as petitioner "and the name of the agency whose decision is sought to be reviewed as respondent" (Wis. Stat. § 227.53(1)(b)); and

3. The person must serve a copy of the petition upon the agency whose decision is sought to be reviewed (Wis. Stat. § 227.53(1)(a)1.) *and* "upon each party who appeared before the agency in the proceeding in which the decision sought to be reviewed was made or upon the party's attorney of record." Wis. Stat. § 227.53(1)(c).

At issue is whether these provisions clearly designate the entity that must be named and served as respondent.

A. Is Wisconsin Stat. § 227.53 Ambiguous?

¶ 22. The dispute in this case centers on the meaning of the phrase "the agency" in Wis. Stat. §§ 227.53(1)(a)1. and 227.53(1)(b):

(a)1. Proceedings for review shall be instituted by serving a petition . . . upon *the agency* or one of its officials . . . . If *the agency* whose decision is sought to be reviewed is . . . .

(b) . . . The petition shall be entitled in the name of the person serving it as petitioner and the name of *the*

628

*agency* whose decision is sought to be reviewed as respondent . . . . (Emphasis added.)[7]

¶ 23. The phrase "the agency" appears 10 times in Wis. Stat. § 227.53(1). All Star contends that in this case "the agency" means DOT; DOT contends that "the agency" means DHA. Given these competing interpretations, we must determine whether § 227.53(1) is ambiguous.

¶ 24. A statute is not ambiguous merely because the parties disagree about its meaning. *Preston v. Meriter Hosp., Inc.,* 2005 WI 122, ¶ 20, 284 Wis. 2d 264, 700 N.W.2d 158. A statute is ambiguous if *reasonable* persons could reach different interpretations about its meaning. *Keup v. DHFS,* 2004 WI 16, ¶ 17, 269 Wis. 2d 59, 675 N.W.2d 755 (citing *State v. Delaney,* 2003 WI 9, ¶ 14, 259 Wis. 2d 77, 658 N.W.2d 416). The test for ambiguity is whether the language of the statute reasonably gives rise to different meanings, so that well informed persons should have become confused. *Bruno v. Milwaukee County,* 2003 WI 28, ¶ 21, 260 Wis. 2d 633, 660 N.W.2d 656.

██

¶ 25. A statute that appears clear on its face may be rendered ambiguous by its interaction with other statutes. *Aurora Med. Group v. DWD,* 2000 WI 70, ¶ 35, 236 Wis. 2d 1, 612 N.W.2d 646; *McDonough v. DWD,* 227

---

[7] In particular, the parties' dispute centers on the meaning of "the agency" in Wis. Stat. § 227.53(1)(b), which states in relevant part: "The petition shall be entitled in the name of the person serving it as petitioner and *the name of the agency whose decision is sought to be reviewed as respondent* . . . ." (Emphasis added.)

Wis. 2d 271, 278, 595 N.W.2d 686 (1999). This potential source of ambiguity drives the dispute in the present case.

¶ 26. All Star argues that when Wis. Stat. § 227.53(1) is read in the context of Wis. Stat. §§ 227.01(1), 227.46(2m), and 227.48(2), it is clear that the agency referred to in § 227.53(1) is DOT. Conversely, DOT argues that when § 227.53(1) is read in the context of Wis. Stat. §§ 218.0116, 227.46(2m), and 227.47(1), it is clear that § 227.53(1) refers to DHA.

¶ 27. After reviewing the interplay of all these statutes, we believe the statutory directive as to which government entity must be named and served is ambiguous in this case.

¶ 28. First, we consider whether Wis. Stat. § 227.53(1) can be interpreted reasonably to suggest or require DOT to be named and served as respondent. If it cannot, then our analysis ends and the circuit court's dismissal must be affirmed.

¶ 29. In interpreting the phrase, "the agency whose decision is sought to be reviewed[,]" we begin by considering how Wis. Stat. ch. 227 defines "agency." Throughout Chapter 227, agency means "the Wisconsin land council or a board, commission, committee, department or officer in the state government, except the governor, a district attorney or a military or judicial officer." Wis. Stat. § 227.01(1). Notably absent from this definition of agency is any mention of a "division." Because DHA is a division, All Star reasons that the references in Wis. Stat. § 227.53(1) to "the agency" cannot require DHA to be named and served as the respondent. The court of appeals agreed.

¶ 30. An almost identical issue was litigated 25 years ago in *Sunnyview Village, Inc. v. Department of*

630

*Administration,* 104 Wis. 2d 396, 311 N.W.2d 632 (1981). The Sunnyview nursing home had failed to name and serve the Division of Nursing Home Forfeiture Appeals (DNHFA) located in the Department of Administration, as it was arguably required to do by then-Wis. Stat. § 227.16(1) (1979–80), the predecessor to Wis. Stat. § 227.53(1). The court, in an opinion by then-Justice Abrahamson, observed that "sec. 227.16 remains complex and becomes confusing not only when read in a cursory fashion but also when read in conjunction with sec. 227.01(1) which defines agency." *Id.* at 400. At that time, the definition of "agency" in § 227.01 had not been amended to reflect the 1967 restructuring of the executive branch, which made "divisions" the principal subunit of a department. *Id.* at 400–02 & n.4.

¶ 31. That definition has still not been changed, and it still serves as something of a snare for the unwary litigant. Accordingly, we conclude that the definition of agency in Wis. Stat. § 227.01(1) can be reasonably interpreted to exclude a division. Thus, All Star's failure to name and serve DHA as the respondent might be understandable if it had only the statutes for guidance.

¶ 32. This does not mean, however, that naming and serving only DOT as respondent was a reasonable interpretation of Wis. Stat. § 227.53(1). Despite its similarities, *Sunnyview Village* does not control the outcome of this case. In *Sunnyview Village* the nursing home did not name and serve DNHFA as respondent. It named and served DOA as respondent. *Id.* Because a department is clearly an agency, and because DNHFA was a division or subunit of DOA, we held that serving the petition upon DOA and naming it as respondent was a reasonable interpretation of the predecessor to § 227.53(1). *Id.* at 412.

¶ 33. Unlike the petitioner in *Sunnyview Village*, All Star did not name and serve DOA, of which DHA is a subunit. All Star named and served DOT, an agency unrelated to DHA. Thus, although the interplay of the definition of agency with § 227.53 arguably produces ambiguity with regard to divisions, this ambiguity is not sufficient to justify naming and serving DOT as the respondent.

¶ 34. Only after one considers the interaction of Wis. Stat. § 227.46(2m) with Wis. Stat. § 227.53(1) does sufficient ambiguity arise to rationalize All Star's decision to name and serve DOT as the respondent. Section 227.46(2m) states: "The decision of the administrator of the [DHA] is a final decision of the agency subject to judicial review under s. 227.52. The department of transportation may petition for judicial review." All Star interprets § 227.46(2m) as *imputing* the decision of DHA to DOT, as though DOT adopted the decision as its own.[8] The court of appeals apparently agreed, concluding it "could reasonably be read to mean that the DHA administrator's decision becomes the final decision of the DOT." *All Star Rent A Car*, 276 Wis. 2d 793, ¶ 12.

¶ 35. We agree that this reading of § 227.46(2m) is reasonable. After all, § 227.46(2m) would appear redundant if it means that the decision of the administrator of DHA is a final decision of DHA. Accordingly, we conclude that All Star could have interpreted § 227.53(1)(b) to require it to name DOT as respondent.

¶ 36. All Star draws our attention to an additional problem. Wisconsin Stat. § 227.48(2), the statute that

---

[8] Unlike the DNR, which automatically adopts DHA decisions if it does not seek review, there is no comparable statutory provision by which DOT adopts a DHA decision. *See Hilton v. DNR*, 2006 WI 84, ¶ 14, __ Wis. 2d __, 717 N.W.2d 166 (discussing Wis. Stat. § 227.46(3)(a)).

requires an agency to provide notice of judicial review rights to an aggrieved party, provides in part:

> 2. Each decision shall include notice of any right of the *parties* to petition for rehearing and administrative or judicial review of adverse decisions, the time allowed for filing each petition and *identification of the party to be named as respondent*. No time period specified under ... s. 227.53(1)(a) for filing a petition for judicial review or under any other section permitting administrative review of an agency decision begins to run until the agency has complied with this subsection. (Emphasis added.)

¶ 37. All Star cites Wis. Stat. § 227.01(8), which defines "party": " 'Party' means a person or *agency* named or admitted as a party in a contested case." (Emphasis added.) All Star notes that DHA's decision identified the parties to the contested case as All Star and DOT.

¶ 38. This argument takes us back to the definitional problem with "agency," and it engenders some uncertainty as to whether DHA—the decision-making tribunal—is converted into a "party" in judicial review. We note, on the other hand, that "the agency" that must comply with the notice requirement of Wis. Stat. § 227.48(2) would not be DOT. It is DHA. The subsection may be viewed as internally inconsistent.

¶ 39. The conclusion that the statutes are confusing does not settle the issue. The DOT presents an equally persuasive interpretation of Wis. Stat. § 227.53(1) that would require All Star to name and serve DHA as respondent. To refute the argument that DHA's decision becomes DOT's decision, DOT points to several statutes that make DHA the decision-maker. First, Wis. Stat. § 218.0116(4)(c) states, "[m]atters involving suspensions or revocations brought before the [DOT] shall be heard and decided upon by the [DHA]."

Second, "every final decision of an agency shall be in writing accompanied by findings of fact and conclusions of law." Wis. Stat. § 227.47(1). Since DHA, not DOT, issued the written decision with findings of fact and conclusions of law, DOT argues that DHA must be the agency decision-maker. Third, "[a]ny person in interest aggrieved by a decision of the [DHA] . . . may have a review of the decision as provided in ch. 227." Wis. Stat. § 218.0116(9). Fourth, DOT argues that All Star's interpretation of Wis. Stat. § 227.46(2m) disregards the final sentence of that section. The last two sentences of § 227.46(2m) provide: "The decision of the administrator of the division of hearings and appeals is a final decision of the agency subject to judicial review under s. 227.52. The [DOT] may petition for judicial review." It would make no sense, DOT argues, if § 227.46(2m) transforms DHA's decision into the decision of DOT, but then allows DOT to appeal its own final decision. Because of these statutes, and because § 227.53(1)(b) requires the petition to "be entitled in . . . the name of the agency whose decision is sought to be reviewed as respondent," DOT concludes that § 227.53(1) clearly requires DHA to be named and served as respondent, since it actually made the decision.

¶ 40. We agree that DOT's reading of Wis. Stat. § 227.53(1) is also a reasonable interpretation and, in fact, the correct interpretation of the statute. This case, however, is unlike other cases involving statutory interpretation. Our purpose here is not to decide which interpretation most closely aligns with the legislative intent and is, therefore, the correct interpretation. Our purpose here is to determine whether ambiguity exists.

¶ 41. The general rule is that "strict compliance with procedural statutes is necessary to obtain jurisdic-

tion to review administrative agency decisions." *DOT v. Peterson,* 226 Wis. 2d 623, 633, 594 N.W.2d 765 (1999) (quoting *Trojan v. Bd. of Regents,* 104 Wis. 2d 277, 283, 311 N.W.2d 586 (1981)). Where, however, "a procedural statute lacks 'specific direction' clearly indicating who is to be served with notice, 'an ambiguity exists.' " *Peterson,* 226 Wis. 2d at 633 (quoting *Kyncl v. Kenosha County,* 37 Wis. 2d 547, 555, 155 N.W.2d 583 (1968)). Ambiguity in a procedural statute requires the statute to be liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible. *Id.* Accordingly, these rules require that we resolve the ambiguity in favor of All Star unless its decision to name and serve DOT exclusively was neither reasonable nor logical under all the circumstances. *See McDonough,* 227 Wis. 2d at 282; *Peterson,* 226 Wis. 2d at 633–34.

B. Did All Star Act Reasonably?

¶ 42. If a party were forced to rely solely on Wis. Stat. § 227.53 and other Chapter 227 sections to determine whom to name and serve, we could understand the party's uncertainty. Considered alone, § 227.53 is a bit confusing. Considered in the context of Chapter 227 as a whole, the statute's directive on how to obtain judicial review becomes even more confusing.

¶ 43. All Star was not cast adrift without a life raft, however. It was given specific notice of how to obtain judicial review, as required by Wis. Stat. § 227.48(2). DHA appended a *NOTICE* to its decision identifying the agency to be named as respondent and requiring that the petition be filed and served. We must consider whether the DHA Notice was clear and

whether All Star's decision to name and serve only DOT was reasonable given this Notice.

■■■

¶ 44. Even if a procedural statute is ambiguous, the party who invokes the ambiguity to justify non-compliance must demonstrate that its action was reasonable under the circumstances. *See State ex rel. Grzelak v. Bertrand,* 2003 WI 102, ¶ 29, 263 Wis. 2d 678, 696, 665 N.W.2d 244; *Peterson,* 226 Wis. 2d at 633. Because the facts are not in dispute, we decide as a matter of law whether All Star's action was reasonable. *Coleman,* 290 Wis. 2d 352, ¶ 17. Whether All Star's action was reasonable turns on whether the Notice that DHA appended to its decision was clear. We believe that it was.

¶ 45. Although All Star raised a host of statutorily based arguments for why its failure to name and serve DHA as the respondent was reasonable, they are not convincing and cannot defeat the clear directive provided by the Notice: "Any petition for judicial review shall name the Division of Hearings and Appeals as the respondent." All Star did not name or serve DHA. Instead, All Star named and served DOT.[9]

¶ 46. We have repeatedly exhorted administrative agencies to include with their decisions clear notices explaining the procedures that must be followed to obtain judicial review. *See e.g., Grzelak,* 263 Wis. 2d 678, ¶ 24; *McDonough,* 227 Wis. 2d at 283; *Peterson,* 226 Wis. 2d at 634–35; *Sunnyview Village,* 104 Wis. 2d at

---

[9] All Star was required to *serve* DOT under Wis. Stat. § 227.53(1)(c), which requires the person seeking review to serve a copy of the petition "upon each party who appeared before the agency in the proceeding in which the decision sought to be reviewed was made[.]"

412. More important, the legislature requires administrative agencies to afford this notice. Wis. Stat. § 227.48(2).

¶ 47. When an agency appends a notice to its decision and the notice clearly directs a party how to appeal, the notice should remove any confusion created by the statutes about whom to name and serve. *See Peterson,* 226 Wis. 2d at 634–35.

¶ 48. In this case, the Notice clearly stated the decision was a "decision of the Division" and that the purpose of the Notice was to describe how All Star could obtain review. All Star could either (1) pursue administrative review, asking DHA to rehear the case; or (2) pursue judicial review. All Star chose the latter, obligating it to follow the procedures set forth in Paragraph 2 of the Notice supplied by DHA.

¶ 49. To seek judicial review, the Notice clearly directed All Star to (1) "serve and file a petition for review . . . within (thirty) 30 days after final disposition by operation of law[;]" (2) "name the Division of Hearings and Appeals as the respondent[;]" and (3) "closely examine all provisions of Wis. Stat. §§ 227.52 and 227.53 to insure strict compliance with all its requirements."

¶ 50. The Notice did not explicitly state that All Star had to "name *and serve*" DHA, but there can be no doubt that the Notice required All Star to serve DHA. First, the Notice directed All Star to name DHA as the respondent. As a matter of both logic and common sense, a party who is named as respondent should also be served. Second, the fact that the Notice did not contain the exact phrase, "shall name *and serve* the Division of Hearings and Appeals as respondent," does

not render the Notice unclear. The Notice provided: "any party seeking judicial review shall serve and file a petition for review . . . ." Upon reading this statement, the natural question is: "Whom must be served?" The very next sentence answers this question because it directs the party to "name the Division of Hearings and Appeals as the respondent."

¶ 51. Given the direct and clear nature of the Notice, the policy concerns raised in *Grzelak* and *Sunnyview Village* are not implicated. In both cases, we stated, "it is important that citizens not be defeated in their redress of grievances by the maze of governmental entities. A person aggrieved by an administrative decision should not have to guess which governmental entity to name and serve as the respondent in proceedings for judicial review." *Grzelak,* 263 Wis. 2d 678, ¶ 24; *Sunnyview Village,* 104 Wis. 2d at 412. DHA's Notice should have removed any guesswork from determining which government entity to name and serve as respondent. Once the Notice identified DHA as the entity whom the petitioner was required to name as respondent, the petitioner was given guidance on how to read Wis. Stat. §§ 227.52, 227.53, and the entire statutory scheme. By clearly stating that DHA is "the respondent," the Notice clarified any statutory ambiguity in § 227.53 as to the identity of the respondent. The Notice was a directive: "any petition *shall* name" DHA; it was not an invitation to search for ambiguity throughout Chapter 227. The fact that All Star failed to follow the directive is the fault of All Star, not DHA.

¶ 52. Faced with the choice between winding its way through a labyrinth of statutory sections and the Notice's clear order to name DHA as the respondent, All Star chose to disregard the Notice. All Star's decision was not reasonable or logical under the circumstances.

It may not have been unreasonable to *name* DOT as *a* respondent because All Star was required to *serve* DOT under Wis. Stat. § 227.53(1)(c). But it was not reasonable to ignore the directive in the Notice to name and serve DHA as respondent. Accordingly, the circuit court properly determined that it lacked competency to hear All Star's petition.

¶ 53. Although this result may seem harsh, strict compliance with procedural requirements is necessary "to maintain a simple, orderly, and uniform way of conducting legal business in our courts." *519 Corp. v. DOT,* 92 Wis. 2d 276, 288, 284 N.W.2d 643 (1979).

C. Waiver

¶ 54. Finally, we must consider All Star's argument that DOT waived its objections to the competency of the circuit court and the circuit court's lack of personal jurisdiction over DHA by appearing to contest All Star's motion to stay the revocation and nonrenewal of its motor vehicle dealer license.

¶ 55. Although "no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever[,]" a circuit court may be deprived of competency—that is, its authority to exercise its subject matter jurisdiction—if the required statutory procedures for invoking the court's jurisdiction are not followed. *Village of Trempealeau v. Mikrut,* 2004 WI 79, ¶¶ 8–9, 273 Wis. 2d 76, 681 N.W.2d 190 (internal punctuation omitted). However, a failure to raise a competency objection in the circuit court can constitute waiver of the objection. *Id.,* ¶ 30.

¶ 56. All Star argues that DOT waived any objection to the circuit court's competency by twice appear-

ing before the court without raising the objection. DOT's conduct, however, does not constitute waiver. *See id.,* ¶¶ 20–23. In *Mikrut* we explained that an objection to the competency of a circuit court is waived if it is not raised before the circuit court at any time. *Id.,* ¶ 22. We explicitly rejected a pleading-waiver rule, stating that a competency objection is not waived even when the objection is raised four months after the Wis. Stat. § 227.53(2) notice of appearance is filed.[10] *See id.,* ¶ 23 & n.5.

¶ 57. Here, DOT objected to the circuit court's competency on the same day it filed its notice of appearance. Applying *Mikrut,* where we stated that no waiver would occur as long as the party makes a competency objection in the circuit court, we conclude that DOT could not have waived its objection to the circuit court's competency in the present case.

¶ 58. Regardless, even if DOT did waive its competency objection, DHA would still retain an objection based on personal jurisdiction. Service of summons is the means by which a court obtains personal jurisdiction over a person. *Hagen v. City of Milwaukee Employes' Retirement Sys. Annuity & Pension Bd.,* 2003 WI 56, ¶¶ 12–13, 262 Wis. 2d 113, 663 N.W.2d 268. Without

---

[10] Wisconsin Stat. § 227.53(2) required DOT to file a notice of appearance "within 20 days after service of the petition" for review by All Star. The purpose of a notice of appearance is for the non-petitioner to "clearly stat[e] the person's position with reference to each material allegation in the petition . . . ." Wis. Stat. § 227.53(2). A notice of appearance is not a substantive defensive pleading and objections to the competency of the circuit court need not be made in a notice of appearance. *Mikrut,* 273 Wis. 2d 76, ¶ 23.

timely service on DHA, the circuit court lacked personal jurisdiction over DHA. *Id.* Moreover, because personal jurisdiction is a personal defense, DOT could not have waived DHA's objection to the circuit court's lack of personal jurisdiction over DHA. *Honeycrest Farms, Inc. v. Brave Harvestore Sys., Inc.,* 200 Wis. 2d 256, 267, 546 N.W.2d 192 (Ct. App. 1996). Accordingly, we find All Star's claim that DOT waived these objections to be without merit.

## IV. CONCLUSION

¶ 59. By way of summary, we conclude: (1) Wis. Stat. § 227.53(1) did not clearly prescribe which governmental entity must be named and served as respondent in this case; but (2) DHA's notice gave clear instructions and clarified any ambiguity in § 227.53(1), making All Star's failure to follow the notice unreasonable; and (3) DOT did not waive its objection to the circuit court's competency to proceed. For these reasons, the court of appeals decision is reversed and All Star's petition for judicial review is dismissed.

¶ 60. A quarter century ago we declared the statutory predecessor to Wis. Stat. § 227.53 "troublesome," "not easy to understand," "complex," and "confusing not only when read in a cursory fashion but also when read in conjunction with sec. 227.01(1) which defines agency." *Sunnyview Village,* 104 Wis. 2d at 399–400. That description remains equally valid for § 227.53 today. Once again, we urge the legislature to systematically review Wis. Stat. ch. 227 to clarify (1) who is included in the term "agency" and (2) whom should be named and served when a party seeks judicial review of an administrative decision.

¶ 61. Meanwhile, pending legislative action, we encourage governmental entities to review their Wis.

641

Stat. § 227.48(2) notices, which they append to administrative decisions, to ensure maximum clarity as to whom must be named and served to obtain judicial review of an agency decision.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 62. PATIENCE DRAKE ROGGENSACK, J. (*dissenting*). The majority opinion concludes that Wis. Stat. § 227.53(1)(c) (2003–04)[1] is ambiguous with regard to whether the Department of Transportation (DOT) was a proper party to serve in a license revocation review proceeding. Majority op., ¶ 27. The majority also concludes that if All Star would have had only the statutes for guidance, its failure to serve the Division of Hearings and Appeals (DHA) might have been understandable. Majority op., ¶ 31. However, the majority then concludes that the DHA's notice to All Star created circumstances in which it was unreasonable for All Star to have served only the DOT. Majority op., ¶ 52.

¶ 63. I agree that Wis. Stat. § 227.53(1)(c) is ambiguous. However, the DHA's notice did not direct All Star to serve the DHA and therefore, it did not clarify the statute's ambiguity. We have previously decided to liberally construe ambiguous procedural statutes in favor of the party seeking review of an agency decision. *DOT v. Peterson,* 226 Wis. 2d 623, 633, 594 N.W.2d 765 (1999). Therefore, I conclude All Star's serving only the DOT was reasonable under the circumstances. Accordingly, I would not deny judicial review and because I would affirm the court of appeals, I respectfully dissent.

[1] All subsequent references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

## I. DISCUSSION

A. Standard of Review

¶ 64. This case requires us to construe a procedural statute relating to judicial review of agency decisions and to determine whether All Star acted reasonably in attempting to follow the statute. Statutory construction involves a question of law that we review de novo. *Hughes v. Chrysler Motors Corp.,* 197 Wis. 2d 973, 978, 542 N.W.2d 148 (1996). Reasonableness is a question of law based on factual findings. *Lohr v. Viney,* 174 Wis. 2d 468, 477–78, 497 N.W.2d 730 (Ct. App. 1993). When the facts are known, we independently review reasonableness as a question of law. *State ex rel. McMillian v. Dickey,* 132 Wis. 2d 266, 277, 392 N.W.2d 453 (Ct. App. 1986).

B. Adherence to Procedural Statutes

¶ 65. We precede our discussion of Wis. Stat. § 227.53(1)(c) and the reasonableness of All Star's actions with a review of the rules we use to resolve a dispute over whether a party has adhered to the procedures necessary to afford judicial review of an agency decision.

¶ 66. As we stated in *Peterson,* "[w]e have long adhered to the rule that 'strict compliance with procedural statutes is necessary to obtain jurisdiction to review administrative agency decisions.' " *Peterson,* 226 Wis. 2d at 633 (citing *Trojan v. Board of Regents,* 104 Wis. 2d 277, 283, 311 N.W.2d 586 (1981); *519 Corp. v. DOT,* 92 Wis. 2d 276, 286–88, 284 N.W.2d 643 (1979); *Brachtl v. DOR,* 48 Wis. 2d 184, 187, 179 N.W.2d 921 (1970)). However, as we also pointed out in *Peterson,* a "companion rule" to this proposition is that strict com-

pliance depends upon the statutes clearly setting forth the procedural requirements to obtain review. *Peterson,* 226 Wis. 2d at 633 (citing *Trojan,* 104 Wis. 2d at 284; *Brachtl,* 48 Wis. 2d at 186–87).

¶ 67. Therefore, when a procedural statute lacks specific direction indicating whom is to be served with notice, there exists an ambiguity that warrants a liberal construction in favor of the party attempting to follow the procedural directive to obtain judicial review of an agency decision. *Peterson,* 226 Wis. 2d at 633. Under those circumstances, if a construction is reasonable that would afford the appealing party review and a determination on the merits, the procedural statute's ambiguity is to be resolved in favor of that construction. *Kyncl v. Kenosha County,* 37 Wis. 2d 547, 555–56, 155 N.W.2d 583 (1968); *see also Peterson,* 226 Wis. 2d at 633; *McDonough v. DWD,* 227 Wis. 2d 271, 282, 595 N.W.2d 686 (1999).

¶ 68. The rule to liberally construe in favor of the party seeking review of an agency decision comports with our recognition of the unfairness that can arise where ambiguities in procedural statutes create confusion about the proper method of service. We have said that where the petitioner has complied with the language of a procedural statute, even where it can be reasonably interpreted in more than one way, it would be "extraordinarily harsh to cut off [the] petitioner['s] right to a review." *McDonough,* 227 Wis. 2d at 282 (citing *Trojan,* 104 Wis. 2d at 284). "Once [a party] has exhausted his administrative remedies, having followed . . . administrative review procedures . . . he should not have to guess whom to serve to initiate the next step in the process and have his grievances heard in a court of law." *State ex rel. Grzelak v. Bertrand,* 2003 WI 102, ¶ 32, 263 Wis. 2d 678, 665 N.W.2d 244; *see also Sunnyview Village, Inc. v. DOA,* 104 Wis. 2d 396, 412,

311 N.W.2d 632 (1981). Therefore, where a procedural statute is ambiguous because it lacks "specific direction[s] clearly indicating who[m] is to be served," service is sufficient for a court to acquire jurisdiction, if such service was reasonable under the circumstances. *Grzelak,* 263 Wis. 2d 678, ¶¶ 23, 31. In sum, we analyze the action a party takes under an ambiguous procedural statute for judicial review of an agency decision by asking the question: Was service reasonable under the circumstances? *See Peterson,* 226 Wis. 2d at 633–34.

¶ 69. On multiple occasions, we have applied this test to conclude that a party achieved sufficient service by acting reasonably under the circumstances, even when the party served was not necessarily "right." *See Sunnyview Village,* 104 Wis. 2d at 412 (holding that service of a petition on the Department of Administration (DOA) and not the Division of Nursing Home Forfeiture Appeals (DNHFA) was a reasonable approach according to one interpretation of ambiguous statutory language in Wis. Stat. § 227.16(1)(a) when read in conjunction with Wis. Stat. § 227.01(1) and therefore, the petitioner had fulfilled the procedural requirements of § 227.16 and was entitled to its day in court); *McDonough,* 227 Wis. 2d at 283 (concluding that where the interaction of statutes produced an ambiguity, a health care provider's service on the Labor and Industry Review Commission (LIRC) and not the Department of Workforce Development (DWD), accomplished the necessary service where the health care provider's decision to do so was reasonable under the language of the statutes); *Peterson,* 226 Wis. 2d at 635 (concluding that when property owners served the State of Wisconsin rather than the DOT in the course of condemnation proceedings, they had taken reasonable action under one interpretation of an ambiguous statute and therefore, the property owners had successfully

completed the statutory requirements to obtain review by the circuit court); *Grzelak,* 263 Wis. 2d 678, ¶ 29 (concluding that where the procedural rules governing an inmate's service of a petition for writ of certiorari were ambiguous, the inmate's service of a petition on the warden rather than on the Secretary of the Department of Corrections (DOC) was reasonable, if incorrect, and successfully conferred jurisdiction on the circuit court to hear the petition).

¶ 70. With the existence of statutory ambiguities in mind, we have also previously recommended to agency decision-makers that they append specific and clear written notice to their final decisions, indicating the proper method of service necessary to obtain judicial review of the decision. *McDonough,* 227 Wis. 2d at 283; *Peterson,* 226 Wis. 2d at 634–35; *Sunnyview Village,* 104 Wis. 2d at 412. The purpose of such notice is to offer clarity where the statutes have created confusion. *See Peterson,* 226 Wis. 2d at 634–35.

¶ 71. An agency's notice attached to its final decision can also play a role in our analysis of whether a party's course of action in attempting to fulfill procedural requirements was reasonable "under the circumstances." However, the mere existence of such a notice does not necessarily mean that the notice offered sufficient clarity to determine a single, reasonable course of action. For example, in *McDonough,* we held that where the DWD, in its final order, simply referred the petitioner to one of the ambiguous procedural statutes at issue, the petitioner could not be faulted for serving the LIRC as opposed to the DWD because that course of action comported with one reasonable view of the statute. *McDonough,* 227 Wis. 2d at 283–84. In sum, the effect of such a notice on the reasonableness determination will depend on the clarity of the notice.

## C. Statutory Construction

¶ 72. To properly analyze All Star's actions with regard to the applicable procedural rules, we must begin with the relevant language of Wis. Stat. § 227.53(1), which states:

**Parties and proceedings for review.** (1) Except as otherwise specifically provided by law, any person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review of the decision as provided in this chapter and subject to all of the following procedural requirements:

(a) 1. Proceedings for review shall be instituted by serving a petition therefor personally or by certified mail upon the *agency* or one of its officials, and filing the petition in the office of the clerk of circuit court for the county where the judicial review proceedings are to be held. . . .

2. Unless a rehearing is requested under s. 227.49, petitions for review under this paragraph shall be served and filed within 30 days after the service of the *decision of the agency* upon all parties under s. 227.48. If a rehearing is requested under s. 227.49, any party desiring judicial review shall serve and file a petition for review within 30 days after service of the order finally disposing of the application for rehearing, or within 30 days after the final disposition by operation of law of any such application for rehearing. The 30–day period for serving and filing a petition under this paragraph commences on the day after personal service or mailing of the *decision by the agency.*

. . .

(b) The petition shall state the nature of the petitioner's interest, the facts showing that petitioner is a person aggrieved by the decision, and the grounds . . . upon which petitioner contends that the decision

should be reversed or modified. The petition may be amended, by leave of court, though the time for serving the same has expired. The petition shall be entitled in the name of the person serving it as petitioner and the name of the *agency whose decision is sought to be reviewed* as respondent . . . .

(c) A copy of the petition shall be served personally or by certified mail or, when service is timely admitted in writing, by first class mail, not later than 30 days after the institution of the proceeding, upon *each party who appeared before the agency* in the proceeding in which the decision sought to be reviewed was made or upon the party's attorney of record. (Emphasis added.)

¶ 73. When we interpret a statute, we rely on the criteria set out in *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110. In *Kalal,* we explained that:

[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect.

*Id.,* ¶ 44. Context is also important when determining the plain meaning of a statute, as is the purpose of the statute and its scope, if those qualities can be ascertained from the language of the statute itself. *Id.,* ¶¶ 46–48. These are all intrinsic sources for statutory interpretation. *Id.* However, if statutory language is ambiguous, we often consult extrinsic sources such as legislative history. *Id.,* ¶ 48.

¶ 74. As both the court of appeals and the majority opinion conclude, the statute is ambiguous. *See All Star Rent A Car, Inc. v. DOT,* 2004 WI App 198, ¶¶ 11–12, 276 Wis. 2d 793, 688 N.W.2d 681; majority op., ¶ 27. First, the term "agency" is ambiguous due to the interaction of Wis. Stat. § 227.53(1) with various other statutes, including Wis. Stat. § 227.01(1), Wis.

648

Stat. § 227.46(2m), Wis. Stat. § 227.47(1), and Wis. Stat. § 227.48(2).

¶ 75. When Wis. Stat. § 227.53(1)(b) provides that the petition shall name the "agency whose decision is sought to be reviewed as respondent," and that language is considered in conjunction with the definition of agency as provided in Wis. Stat. § 227.01(1), it appears that the term "agency" would refer to the DOT, as the majority itself notes. *See* majority op., ¶¶ 30–31. "Agency" is defined therein as follows:

> "Agency" means the Wisconsin land council or a board, commission, committee, department or officer in the state government, except the governor, a district attorney or a military or judicial officer.

Wisconsin Stat. § 227.01(1).

¶ 76. This definition of "agency" readily applies to the DOT, which is a department in the state government, but it does not apply to the DHA, which is a division of the DOA.

¶ 77. However, Wis. Stat. § 227.46(2m) provides, in pertinent part:

> In any hearing or review assigned to a hearing examiner under s. 227.43(1)(bg), the hearing examiner presiding at the hearing shall prepare a proposed decision, including findings of fact, conclusions of law, order and opinion . . . . The decision of the administrator of the division of hearings and appeals is a final decision of the agency subject to judicial review under s. 227.52. The department of transportation may petition for judicial review.

¶ 78. When the language of Wis. Stat. § 227.53(1), specifically, "decision of the agency," is read in conjunction with Wis. Stat. § 227.46(2m), it appears that the DHA, as the final adjudicator under these facts, could be designated as the party to serve.

¶ 79. To further complicate matters, three other closely related statutes, Wis. Stat. § 227.46(5), Wis. Stat. § 227.47(1) and Wis. Stat. § 227.48(2) provide the following:

227.46(5) In any class 2 proceeding, if the decision to file a complaint or otherwise commence a proceeding to impose a sanction or penalty is made by one or more of the officials of the *agency,* the hearing examiner *shall not be an official of the agency.*

227.47(1) Except as provided in sub. (2), every proposed or *final decision of an agency* or hearing examiner following a hearing and every final decision of an agency shall be in writing accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise and separate statement of the ultimate conclusions upon each material issue of fact without recital of evidence. Every proposed or *final decision* shall include . . . .

227.48(2) Each decision shall include notice of any right of the parties to petition for rehearing and administrative or judicial review of adverse decisions, the time allowed for filing each petition and identification of the party to be named as respondent. No time period . . . for filing a petition for judicial review or under any other section permitting administrative review of an *agency decision* begins to run until the agency has complied with this subsection. (Emphasis added.)

¶ 80. In sum, it is difficult to derive from Wis. Stat. § 227.53(1) and this statutory scheme a satisfactory conclusion with regard to which "agency" to serve, or whose "final decision" it is that triggers the need for judicial review. Absent a single answer that would consistently harmonize the seemingly conflicting implications of the aforementioned statutes, both the inter-

pretation of All Star, that it is the DOT, and the interpretation of the DOT, that it is the DHA, are reasonable.

¶ 81. In *Sunnyview Village,* we previously recognized the ambiguity produced by the term "agency" in this very statute. The legislature has not changed the definition discussed in *Sunnyview Village,* and as the majority notes, the term "still serves as something of a snare." Majority op., ¶ 31.

¶ 82. Furthermore, the ambiguity in the statutory scheme, particularly with regard to the relationship between the DHA and various line agencies, is illuminated by an entire line of cases in which proper service for judicial review of a DHA decision was not at issue, but in which a line agency was named as the respondent even though the final agency decision under review was that of the DHA. *See Buettner v. DHFS,* 2003 WI App 90, 264 Wis. 2d 700, 663 N.W.2d 282 (Ct. App. 2003); *Bidstrup v. DHFS,* 2001 WI App 171, 247 Wis. 2d 27, 632 N.W.2d 866; *Artac v. DHFS,* 2000 WI App 88, 234 Wis. 2d 480, 610 N.W.2d 115 (Ct. App 2000); *Borsellino v. DNR,* 232 Wis. 2d 430, 606 N.W.2d 255 (Ct. App. 1999); *Froebel v. DNR,* 217 Wis. 2d 652, 579 N.W.2d 774 (Ct. App. 1998); *Sea View Estates Beach Club, Inc. v. DNR,* 223 Wis. 2d 138, 588 N.W.2d 667 (Ct. App. 1998).

¶ 83. This confusion comes from the gradual shift of the adjudicative function traditionally performed by line agencies themselves, or their individual adjudicative bodies, to the DHA. This occurred as a result of the legislature's creation of Wis. Stat. § 227.43 in 1977, which granted to the DHA authority to assign hearing examiners in contested cases previously adjudicated within various line agencies of the state. The DHA now performs hearings over matters for the Department of

Natural Resources, the DOT, the Department of Commerce, the DOC, the Department of Justice, the Department of Public Instruction, the Department of Employee Trust Funds, the DOA, and the Department of Health and Family Services.

¶ 84. I recently discussed the shift of adjudicative functions to the DHA in *Racine Harley-Davidson, Inc. v. Division of Hearings & Appeals,* 2006 WI 86, ¶ 110, 292 Wis. 2d 549, 717 N.W.2d 184 (Roggensack, J., concurring) (citing *DOT v. Office of the Comm'r of Transp.,* 159 Wis. 2d 271, 277–78, 463 N.W.2d 870 (Ct. App. 1990)); *see also* 1995 Wis. Act 370, § 14. The language of the procedural statutes has not been fully adjusted to account for this evolving adjudicative reality. The resultant situation is one similar to that recognized in *Sunnyview Village,* where the controlling procedural statute had not been adjusted for executive restructuring that created "divisions" as the principal subunit of a department. As we explained, this created confusion as to whether the DOA, or a subunit therein, the DNHFA, was the appropriate entity to serve. *Sunnyview Village,* 104 Wis. 2d at 399–01; *see also* majority op., ¶ 30.

¶ 85. Contrary to the majority opinion, I conclude that the case at bar is analogous to *Sunnyview Village.* The majority's attempt to distinguish *Sunnyview Village* is unconvincing. The distinction the majority makes is based on the relationship between the DNHFA and the DOA, concluding that because DNHFA was within the DOA, Sunnyview Village's erroneous service on the DOA was reasonable where a statutory ambiguity made the correct procedure difficult to ascertain. However, in this case, as in *Sunnyview Village,* there is confusing statutory language that could refer to either the DHA or the DOT, and All Star's service on the DOT

652

was based on that confusion. When the central issue in a review of the method of service is statutory language that could implicate more than one entity as the correct one to serve, the majority's distinction is not relevant. That is, it makes no difference whether the DOT is or is not a part of the DHA; what matters is that according to the statutory scheme, it was reasonable for All Star to serve the DOT.

D. Reasonableness Under the Circumstances

¶ 86. In seeking review from the DHA decision, All Star petitioned the Dane County Circuit Court, naming the DOT as respondent; All Star also served the petition on the DOT and the Attorney General. All Star explains that course of action by noting the interaction of Wis. Stat. § 227.53(1) with Wis. Stat. § 227.01(1), Wis. Stat. § 227.46(2m), and Wis. Stat. § 227.48(2), saying that the "agency" referred to in § 227.53(1) is the DOT. The majority concludes that this is one reasonable interpretation of the statutory scheme, in part because § 227.01(1) can be interpreted reasonably to exclude a division, thereby eliminating the DHA as the appropriate party on which to serve notice. Majority op., ¶ 31. The majority concludes that All Star's failure to name and serve the DHA as the respondent "might be understandable" if All Star were following only the statutes. *Id.* However, in the spirit of our rule that we will liberally construe ambiguous procedural statutes in favor of the petitioner seeking review, *Peterson,* 226 Wis. 2d at 633, I conclude that if All Star had only the statute for guidance, its actions *were reasonable.*

¶ 87. However, also important to consider is the effect of the notice appended to the final decision of the DHA. If the notice clearly specified the proper party or person to serve so as to eliminate the ambiguity in the

statutory directive, then All Star's actions may not have been reasonable under the circumstances. However, *the DHA did not name whom to serve.*

¶ 88. The majority contends, however, that "there can be no doubt that the Notice required All Star to serve DHA." Majority op., ¶ 50. I disagree. The relevant portion of the Notice said:

> Any person aggrieved by the attached decision which adversely affects the substantial interests of such person by action or inaction, affirmative or negative in form is entitled to judicial review by filing a petition therefore in accordance with the provisions of Wis. Stat. §§ 227.52 and 227.53. Said petition must be filed within thirty (30) days after service of the agency decision sought to be reviewed. If a rehearing is requested as noted in paragraph (1) above, any party seeking judicial review shall serve and file a petition for review within thirty (30) days after service of the order disposing of the rehearing application or within thirty (30) days after final disposition by operation of law. Any petition for judicial review shall name the Division of Hearings and Appeals as the respondent. Persons desiring to file for judicial review are advised to closely examine all provisions of Wis. Stat. §§ 227.52 and 227.53 to insure strict compliance with all its requirements.

¶ 89. The majority's conclusion that the nature of the Notice and its directive is "direct and clear" depends on the majority opinion's competent, but very complicated, analysis of the Notice. Majority op., ¶ 51. While an experienced attorney may come to the conclusion that the DHA should be served, a person unfamiliar with legal processes may not come to the same conclusion because the Notice is silent with regard to directions about *whom to serve.* Additionally, the conclusion of the majority fails to recognize the influence of the

654

statutes, also referred to in the Notice, which suggest that the DOT is the "agency" to be served.

¶ 90. In addition, the Notice's provision stating that "any party seeking judicial review shall serve and file a petition for review" does not make it obvious to serve the DHA because of the Notice's subsequent instruction, to "name the Division of Hearings and Appeals as the respondent." *See* majority op., ¶¶ 50–51. The combination of those phrases does not clearly state that the DHA is the "agency" to be served pursuant to Wis. Stat. § 227.53(1). I conclude that the Notice is far from "direct and clear," and that it failed to clarify the statutory ambiguity or offer All Star a clear directive as to proper service. Therefore, under all of the circumstances of the case, including the Notice, I conclude that All Star acted reasonably when it served only the DOT and therefore, All Star did preserve its opportunity for substantive judicial review.

## II. CONCLUSION

¶ 91. I agree that Wis. Stat. § 227.53(1)(c) is ambiguous. However, the DHA's notice did not direct All Star to serve the DHA and therefore, it did not clarify the statute's ambiguity. We have previously decided to liberally construe ambiguous procedural statutes in favor of the party seeking review. *Peterson,* 226 Wis. 2d at 633. Therefore, I conclude All Star's service of only the DOT was reasonable under the circumstances. Accordingly, I would not deny judicial review and because I would affirm the court of appeals, I respectfully dissent.

¶ 92. I am authorized to state that Justice LOUIS B. BUTLER, JR. joins this dissent.