SHIRLEY S. ABRAHAMSON, C.J.
¶ 61. (concurring). Although I do not join the majority opinion, I *269 agree that the circuit court can adjudicate Xcel's complaint even though ACE was not a named party. I also agree that LIRC's decision and order should be affirmed on the merits. I write separately to express two concerns.
I
¶ 62. One concern is that the majority opinion repeatedly and incorrectly paraphrases Article VII, Section 8 of the Wisconsin Constitution without fully and accurately stating its terms. The majority opinion states as follows:
• Article VII, Section 8 "provides that circuit courts have jurisdiction to hear 'all matters civil and criminal within this state.'" Majority op., ¶ 27.
• "[W]e have recognized that [according to Article VII, Section 8] 'no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever.' " Majority op., ¶ 27.
• "[Bjecause subject matter jurisdiction is conferred on the courts by the constitution, it cannot be revoked by statute." Majority op., ¶ 27.
• "Although a circuit court may not be deprived of jurisdiction by operation of a statute, a circuit court may lack competency [to render certain judgments]. .. ." Majority op., ¶ 28.
¶ 63. In contrast, the Wisconsin Constitution, Article VII, Section 8, provides as follows: "Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law" (emphasis added).
*270 ¶ 64. For a full discussion of the import of this constitutional provision, which gets lost in the majority opinion's paraphrasing and in various discussions of subject matter jurisdiction and competency, see Eherhardy v. Circuit Court for Wood Cnty., 102 Wis. 2d 539, 547-553, 307 N.W.2d 881 (1981).
¶ 65. Misstating this constitutional provision has, in my opinion, led to a confusing body of law on the meaning and use of the concepts of "subject matter jurisdiction" and "competency." This confusion has taken on a life of its own over the years and shows no sign of abating. See Shopper Advertiser, Inc. v. DOR, 117 Wis. 2d 223, 236-40, 344 N.W.2d 115 (1984) (Abrahamson, J., concurring in part & dissenting in part).
II
¶ 66. My second concern is that the majority opinion perpetuates uncertainty in the law. Plaintiffs are going to be uncertain regarding whom to name as "adverse parties" under Wis. Stat. § 102.23. A simple error may cause plaintiffs to be thrown out of court.
¶ 67. LIRC asked the court to adopt broad language from Miller I. This would have thrown the plaintiff in the present case out of court but might have brought more certainty to the law. The majority opinion is unwilling to do so.
¶ 68. Instead, the majority opinion withdraws the following language from Miller I:[1] "any party bound by [LIRC's] order or award granting or denying compensation is an 'adverse party.'" Majority op., ¶ 44. Thus, *271 the majority opinion accomplishes what the Miller II[2] court was unwilling to do.
¶ 69. A goal in interpreting the text of Wis. Stat. § 102.23 is to create certainty for the parties. Under the statute, a complaint against LIRC for review of its order or award — in which the adverse party is also to be made a defendant — is filed in circuit court and served upon a commissioner or agent authorized by the commission to accept service. Such service constitutes complete service on all parties. Wis. Stat. § 102.23(l)(b). The commission then mails one copy to each other defendant.
¶ 70. No plaintiff should lose his, her, or its day in court by failing to name a party as a defendant or naming the wrong party as a defendant under Wis. Stat. § 102.23. Plaintiffs should not be defeated in their redress of grievances by a confusing maze of statutes and judicial opinions instructing them whom to name as a defendant for review of a LIRC order or award.
¶ 71. I therefore unequivocally and firmly recommend, as the Assistant Attorney General requested of the court, that the Worker's Compensation Advisory Council review this decision and propose to the legislature revisions to Wis. Stat. § 102.23 to clarify who must be included as a party in judicial review governed by Wis. Stat. § 102.03.[3]
¶ 72. The Wisconsin Worker's Compensation Advisory Council was created in 1975 to advise on policy matters concerning the development and administration of the workers' compensation law.[4] The Council is composed of five management, five labor, and three *272 non-voting insurance members appointed by the secretary of the Department of Workforce Development and is chaired by a department employee. "The Council provides a vehicle for labor and management representatives to play a direct role in recommending changes in the workers' compensation law to the legislature."[5]
¶ 73. Until the Wisconsin Worker's Compensation Advisory Council and the legislature act, to avoid confusion I propose that LIRC consider adopting the practice of providing information with its order or award instructing the parties about who is to be named as an "adverse party" in subsequent review. "When an agency appends a notice to its decision and the notice clearly directs a party how to appeal, the notice should remove any confusion created by the statutes about whom to name and serve."[6]
¶ 74. The legislature and the court have similarly suggested elsewhere that the administrative entity lead the way. See, e.g., Wis. Stat. § 227.48(2) (providing that "[e]ach decision shall include notice of any right of the parties to petition for rehearing and administrative or judicial review of adverse decisions, the time allowed for filing each petition and identification of the party to be named as respondent."); Sunnyview Village, Inc. v. Wis. Dep't of Admin., 104 Wis. 2d 396, 412, 311 N.W.2d 632 (1981) (court recommends that governmental entities adopt practice of providing information on which government entity to be named and served as a respondent) (cited in All Star Rent A Car, Inc. v. DOT, 2006 WI 85, ¶ 46, 292 Wis. 2d 615, 716 N.W.2d 506 (court has *273 "repeatedly exhorted administrative agencies to include with their decisions clear notices explaining the procedures that must be followed to obtain judicial review.")); Wis. Envtl. Decade, Inc. v. Pub. Serv. Comm'n, 84 Wis. 2d 504, 534, 267 N.W.2d 609 (1978) (court directs PSC to identify principal parties who must be served).
¶ 75. Action by LIRC would quell the confusion perpetuated by the majority opinion.
¶ 76. For the reasons set forth, I write separately.
¶ 77. I am authorized to state that Justice ANN WALSH BRADLEY joins Part I of this concurring opinion.

 Miller Brewing Co. v. LIRC (Miller I), 166 Wis. 2d 830, 842, 480 N.W.2d 532 (Ct. App. 1992).

 Miller Brewing Co. v. LIRC (.Miller II), 173 Wis. 2d 700, 704, 495 N.W.2d 660 (1993).

 Letter dated Jan. 16, 2013, on file with the court. See majority op., ¶ 2 n.5.

 Wis. Stat. § 102.14(2).

 17 Thomas M. Domer & Charles E Domer, Wisconsin Practice Series, Workers' Compensation Law § 2.8 (2012-2013 ed.).

 All Star Rent A Car, Inc. v. DOT, 2006 WI 85, ¶ 47, 292 Wis. 2d 615, 716 N.W.2d 506.