State of Wisconsin, Plaintiff-Appellant,

v.

Dawn R. Dartez, Defendant-Respondent.†

Court of Appeals

*No. 2006AP1845–CR. Submitted on briefs January 23, 2007.
—Decided March 22, 2007.*

2007 WI App 126

(Also reported in 731 N.W.2d 340.)

† Petition to review filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Juan B. Colas*, asst. attorney general, and *Peggy A. Lautenschlager*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Bill Ginsberg* of *Mandell & Ginsberg*, Madison.

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. VERGERONT, J. The issue on this appeal is whether the criminal complaint filed against Dawn Dartez alleges facts that constitute a violation of WIS. STAT. § 346.67(1) (2005–06),[1] Wisconsin's "hit-and-run" statute. The circuit court determined that an "accident" in § 346.67(1) must occur on a highway and the facts alleged show that the accident occurred off the highway because that is where the collision occurred. The court therefore dismissed this count of the complaint, and the State appeals.

¶ 2. We conclude that when, as here, a vehicle is involved in a collision, the term "accident" in WIS. STAT. § 346.67(1) includes, at a minimum, an operator's loss of control of the vehicle that results in the collision. Because Dartez's loss of control of the vehicle occurred on the highway, even though the resulting collision occurred off the highway, we conclude she was "involved in an accident" "upon a highway" within the meaning of § 346.67(1) and WIS. STAT. § 346.02(1). Accordingly, we reverse the circuit court's order dismissing this charge and remand for further proceedings.

## BACKGROUND

¶ 3. The complaint alleges that an intoxicated Dartez lost control of the car she was driving and "missed the curve." The car left the road and crashed into the bedroom of a private residence on the corner,

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise indicated.

killing an occupant. Dartez left the scene without rendering aid or identifying herself. The complaint charged Dartez with being the operator of a vehicle involved in an accident resulting in the injury or death of another without immediately stopping at the scene of the accident and rendering assistance contrary to the hit-and-run statute, WIS. STAT. § 346.67(1).[2] Section 346.67(1) provides:

> **Duty upon striking a person or attended or occupied vehicle. (1)** The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the operator has fulfilled the following requirements:
>
> (a) The operator shall give his or her name, address and the registration number of the vehicle he or she is driving to the person struck or to the operator or occupant of or person attending any vehicle collided with; and
>
> (b) The operator shall, upon request and if available, exhibit his or her operator's license to the person

---

[2] The complaint also charged Dartez with causing the death of another while under the influence of an intoxicant contrary to WIS. STAT. § 940.09(1)(a), causing the death of another by negligent operation of a vehicle in violation of WIS. STAT. § 940.10; and operating a motor vehicle while under the influence of an intoxicant in violation of WIS. STAT. § 346.63(1)(a). The information added additional counts of driving with a prohibited blood alcohol concentration contrary to § 346.63(1)(b), and causing death by driving with a prohibited blood alcohol concentration in violation of § 940.09(1)(b). These charges are not at issue on this appeal. According to the State's brief, at trial these charges have been stayed pending resolution of this appeal.

502

struck or to the operator or occupant of or person attending any vehicle collided with; and

(c) The operator shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

¶ 4. After waiving a preliminary examination, Dartez filed a motion to dismiss the hit-and-run count on the ground that the accident occurred on private property and thus the hit-and-run statute did not apply under Wis. Stat. § 346.66. Section 346.66 provides:

**Applicability of sections relating to accidents and accident reporting.** In addition to being applicable upon highways, ss. 346.67 to 346.70 are applicable upon all premises held out to the public for use of their motor vehicles, all premises provided by employers to employees for the use of their motor vehicles and all premises provided to tenants of rental housing in buildings of 4 or more units for the use of their motor vehicles, whether such premises are publicly or privately owned and whether or not a fee is charged for the use thereof. These sections do not apply to private parking areas at farms or single-family residences or to accidents involving only snowmobiles, all-terrain vehicles or vehicles propelled by human power or drawn by animals.

¶ 5. The circuit court agreed with Dartez. It concluded that Wis. Stat. § 346.67(1) and Wis. Stat. § 346.66, when read together, require that the accident occur on the highway or the premises listed in § 346.66 and that this accident occurred where the collision occurred—on the property of a private residence, which is not included in § 346.66.

503

## DISCUSSION

¶ 6. The State contends the circuit court erred in construing the term "involved in an accident" in WIS. STAT. § 346.67(1) to mean only the collision that killed the occupant. The State's position is that the proper meaning of the term includes the driver's participation in any event involving the operation of a vehicle that results in the injury or death of a person. According to the State, one of these events was Dartez's loss of control of her car, which occurred on the highway,[3] thus meeting that requirement in WIS. STAT. § 346.66.[4]

---

[3] The State asserts that the definition of "highway" in WIS. STAT. § 340.01(22) applies and the streets on which Dartez was driving. *See* WIS. STAT. § 346.01(1) (providing that definitions in § 340.01 are to be used in WIS. STAT. ch. 346 unless a different definition is specifically provided). The definition of highway in § 340.01(22) is:

(22) "Highway" means all public ways and thoroughfares and bridges on the same. It includes the entire width between the boundary lines of every way open to the use of the public as a matter of right for the purposes of vehicular travel. It includes those roads or driveways in the state, county or municipal parks and in state forests which have been opened to the use of the public for the purpose of vehicular travel and roads or driveways upon the grounds of public schools, as defined in s. 115.01(1), and institutions under the jurisdiction of the county board of supervisors, but does not include private roads or driveways as defined in sub. (46).

Dartez does not contend this definition is not applicable or that there is a dispute over whether the streets on which she traveled come within this definition. Accordingly, we take this as an implicit concession that the State is correct on these two points. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (we may treat as an implicit concession the respondent's failure to dispute a proposition in the appellant's brief).

[4] The State does not contend that any of the premises described in WIS. STAT. § 346.66 apply besides "highway."

504

¶ 7. Dartez responds that the circuit court correctly decided that "accident" when used in connection with motor vehicles means "collision." This construction is supported, Dartez asserts, by the definition of "accident" in WIS. STAT. § 344.57(1):

> (1) "Accident" means collision of a private passenger vehicle with another object or other upset of the private passenger vehicle not caused intentionally by the renter.

This definition applies to §§ 344.57 through 344.579, *id.*, which govern financial responsibility relating to rental agreements for private passenger vehicles.

¶ 8. The proper construction of a statute presents a question of law, which we review de novo. *All Star Rent A Car, Inc. v. DOT*, 2006 WI 85, ¶ 64, 292 Wis. 2d 615, 716 N.W.2d 506.

¶ 9. When construing a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48. We do so in part because words often have multiple meanings and the applicable definition depends upon the context in

which a word is used. *See id.*, ¶¶ 48–49. If this process of analysis yields a plain meaning, there is no ambiguity and we apply that plain meaning. *Id.*, ¶ 46. If, on the other hand, the language is ambiguous, that is, susceptible to more than one reasonable meaning, then we may consider extrinsic sources such as legislative history to resolve the ambiguity. *Id.* at 47, 50.

¶ 10. We begin with a clarification regarding the source of the "upon the highway" requirement. Although the parties treat Wis. Stat. § 346.66 as the source of this requirement, Wis. Stat. § 346.02(1) more directly provides that "[t]his chapter applies exclusively upon highways except as otherwise expressly provided in this chapter." The function of § 346.66, then, is to expressly state the premises in addition to highways to which Wis. Stat. §§ 346.67–346.70 are applicable. The bottom line, though, is that in this case the requirements that Dartez stop and render assistance under § 346.67(1) apply only if she was the "operator of any vehicle involved in an accident," § 346.67(1), "upon [a] highway . . . ." Section 346.02(1).

¶ 11. We recently construed "accident" in Wis. Stat. § 346.67(1) in a different factual context. *State v. Harmon*, 2006 WI App 214, 296 Wis. 2d 861, 723 N.W.2d 732.[5] Although *Harmon* does not resolve the statutory construction issue in this case, it provides the proper starting point for our analysis.

¶ 12. In *Harmon*, the defendant contended that the term "accident" in Wis. Stat. § 346.67(1) includes only conduct characterized by a lack of intention and therefore the circuit court erred in giving this defini-

---

[5] We released *State v. Harmon*, 2006 WI App 214, 296 Wis. 2d 861, 723 N.W.2d 732, exactly on the date the State filed its first appellate brief. However, neither the responsive brief nor the reply brief mention *Harmon*.

tion: " . . . an incident that causes injury, loss, suffering, or death occurring outside of the usual course of events."[6] *Id.*, ¶ 5. We turned to a dictionary to ascertain the common meaning of "accident." *Id.*, ¶ 11. Because there were two definitions that arguably fit the context of § 346.67(1)—"an unexpected undesirable event" and "lack of intention"—we considered the purpose of the statute as articulated in prior case law: (1) to ensure that injured persons may have medical or other attention with the least possible delay; and (2) to require the disclosure of information so that responsibility for the accident may be placed. *Id.*, ¶ 14 (citation omitted). We decided in *Harmon* that "[g]iven these purposes, it is not reasonable to conclude that the legislature intended to limit 'accident' to incidents that occurred through 'lack of intention.' " *Id.* Instead, the only reasonable meaning when the word is considered in the context of the statute and in light of its purpose is the broader meaning of "an unexpected undesirable event." *Id.*, ¶ 16. We concluded that the circuit court's instruction to the jury was consistent with that definition. *Id.*

¶ 13. In this case, as already noted, we are concerned with the meaning of "accident" in WIS. STAT. § 346.67(1) in conjunction with the requirement of "upon the highway" in WIS. STAT. § 346.02(1). We agree with Dartez that a common meaning of "accident" when used in connection with a motor vehicle is a collision with another object or person. However, it does not necessarily follow, as Dartez contends, that events immediately preceding the collision and resulting in the

---

[6] Harmon contended that, had the jury been instructed that "accident" included only unintentional conduct, it might well have decided on the evidence before it that he acted intentionally and therefore did not violate the statute. *Harmon*, 2006 WI App 214, ¶ 7.

collision are not encompassed within the meaning of "accident." Moreover, limiting "accident" to "collision" in this context would exclude a situation in which no collision occurs but someone is injured on a highway as the result of the operation of a motor vehicle on a highway—such as when a passenger falls out of a moving vehicle. This would come within the broad definition of "accident" we adopted in *Harmon*, and we can see no rationale for excluding such a situation from § 346.67(1) simply because no "collision" occurred.

¶ 14. We are not persuaded by Dartez's argument based on the definition of "accident" in WIS. STAT. § 344.57(1). First, as Dartez acknowledges, the definition of "accident" in § 344.57(1) expressly applies only to §§ 344.57 to 344.579, which address an entirely different subject—financial responsibility relating to certain types of rental agreements. Had the legislature intended this definition to apply to WIS. STAT. § 346.67(1) as well, it would have been a simple matter to state that. Second, Dartez makes no argument linking the context of §§ 344.57 to 344.579 to that of § 346.67(1), such that we might reasonably infer the legislature intended the same definition. Finally, even the definition in § 344.57(1) is not limited to a collision but also includes "other upset of the private passenger vehicle." Thus, even in §§ 344.57 to 344.579 the legislature plainly did not intend "accident" to be limited to "collision."

¶ 15. We also do not find Dartez's reference to BURTON, LEGAL THESAURUS (1980) to be helpful. The fact that "collision" is listed there as an "associated concept" for "accident" and the fact that one definition of "collision" is "accident" are simply variations of what we have already noted: a common meaning of "accident" in the context of motor vehicles is a "collision." The question

remains whether there is another reasonable definition of "accident" in the context of this statute and, if so, which is the more reasonable.

¶ 16. We conclude that a reasonable meaning of "accident" in the context of Wɪs. Sᴛᴀᴛ. § 346.67(1) includes, at a minimum, the operator's loss of control of the vehicle that results in a collision. A person observing the events described in this complaint, consistent with common usage, could reasonably describe this accident as beginning when Dartez lost control of the car she was driving on the road and "missed the curve."

¶ 17. We further conclude that a definition of "accident" that encompasses the operator's loss of control of the vehicle is more reasonable than the narrower definition that Dartez advocates. First, the evident purpose of Wɪs. Sᴛᴀᴛ. ch. 346 in general is to regulate the operation of motor vehicles on highways and other places where specified. *See* Wɪs. Sᴛᴀᴛ. § 346.02(1). Thus, an operator's loss of control of a vehicle while driving on a highway is plainly within the regulatory reach of the chapter. Second, the broader definition of "accident" better fulfills the two purposes of Wɪs. Sᴛᴀᴛ. § 346.67(1): (1) to ensure that injured persons may have medical or other attention with the least possible delay; and (2) to require the disclosure of information so that responsibility for the accident may be placed. *Harmon*, 2006 WI App 214, ¶ 14. A person injured by the operator of a motor vehicle who loses control on a highway has the same need for medical attention whether struck on the highway or off the highway, and there is the same need for information to place responsibility.

¶ 18. Finally, other sections closely related to Wɪs. Sᴛᴀᴛ. § 346.67(1) show that the legislature intended to impose obligations on operators of motor vehicles for

509

damage they cause that occurs off the highway (or other premises specified in WIS. STAT. § 346.66). WISCONSIN STAT. § 346.70 governs the duty to report an accident where there is

> ... any damage to state or other government-owned property, except a state or other government-owned vehicle, to an apparent extent of $200 or more or total damage to property owned by any one person or to a state or other government-owned vehicle to an apparent extent of $1,000 or more . . . .

The only reasonable reading of this section is that damaged government-owned property, other than vehicles, includes property that is not "upon the highway" but is damaged when the motor vehicle goes off the highway.

¶ 19. In addition, WIS. STAT. § 346.69 expressly imposes obligations on operators involved in accidents resulting in damage to property "adjacent to the highway":

> **Duty upon striking property on or adjacent to highway.** The operator of any vehicle involved in an accident resulting only in damage to fixtures or other property legally upon *or adjacent to a highway* shall take reasonable steps to locate and notify the owner or person in charge of such property of such fact and of the operator's name and address and of the registration number of the vehicle the operator is driving and shall upon request and if available exhibit his or her operator's license and shall make report of such accident when and as required in s. 346.70.

(Emphasis added.) It is unlikely the legislature intended that operators involved in an accident resulting in damage to property adjacent to a highway have

certain obligations, but if the result is injury or death to a person adjacent to the highway, the operator has no obligation.

¶ 20.  We conclude that when, as here, a vehicle is involved in a collision, the term "accident" in Wis. Stat. § 346.67(1) includes, at a minimum, an operator's loss of control of the vehicle that results in the collision. Because Dartez's loss of control of the vehicle occurred on the highway, even though the resulting collision occurred off the highway, we conclude she was "involved in an accident" "upon a highway" within the meaning of § 346.67(1) and Wis. Stat. § 346.02(1). Accordingly, we reverse the circuit court's order dismissing this charge and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded.